THOMAS LANGAN, APPELLANT, V. VILLAGE OF WOOD RIVER ET AL., APPELLEES.

FILED NOVEMBER 10, 1906.    No. 14,480.

Liquor License: POWER OF VILLAGE TRUSTEES. It is competent for a board of village trustees to provide by ordinance for a trial, before themselves, of a complaint against a saloon-keeper for alleged violation of the regulations of the statute and ordinances with reference to the sale of intoxicating liquors, and upon his conviction, as a result of such trial, to revoke his license.

APPEAL from the district court for Hall county: JAMES R. HANNA, JUDGE. Affirmed.

O. A. Abbott, for appellant.

Charles G. Ryan, contra.

AMES, C.

Plaintiff procured from the trustees of the village of Wood River a saloon license for the municipal year, 1905, and engaged in the traffic of retail liquor dealer thereunder. An ordinance in force in the city at the time enacted that the license should be revoked if the licensee or any of his employees should enter the room in which the business should be conducted on any day between certain hours, of if he should be guilty of violation of certain other regulations of the traffic made by the statute or by the ordinance. Another ordinance provided that, upon

complaint having been made and filed with the trustees of any such violation by the licensee or his servant, notice thereof should be given him of a time and place when and where witnesses would be examined and an investigation made as to the truth of the accusation, and that if the latter should be established the license should be revoked. Such a complaint against the plaintiff was filed with the board and notice thereof served upon him, in response to which he appeared before them, and by agreement the matter was set down for hearing at a then future day; but before the arrival of that date the board was restrained by a temporary injunction, issued out of the district court, from further proceeding. Subsequently a general demurrer to the petition in the injunction suit was sustained and the action dismissed. From the judgment of dismissal the plaintiff prosecutes this appeal.

The only material issue raised by the demurrer is whether the ordinance assuming to confer upon the board jurisdiction to hear, try and determine the question of violation and forfeiture is valid, or, in other words, whether the exercise of the functions involved in such a proceeding have been, or could have been, conferred upon the board of trustees by the village charter. This question was set finally at rest by *Miles v. State,* 53 Neb. 305. The statute, the ordinance, the material facts and the procedure in that case were substantially identical with those in this, and the contention of the plaintiff in error (appellee here) was upheld. It is therefore recommended that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.