STATE, EX REL. BERNARD KREBS, APPELLANT, V. THOMAS HOCTOR ET AL., APPELLEES.

FILED MARCH 5, 1909. No. 15,529.

1. **Intoxicating Liquors: LICENSE: REVOCATION.** Power given to a board of fire and police commissioners by statute to license, restrain, regulate, or prohibit the sale of intoxicating liquors by ordinance is sufficient to authorize the board to adopt rules controlling the traffic, including the right to revoke a license upon the violation by the licensee of any statute, or city ordinance, or any reasonable rule adopted by the board for the control of the traffic.

2. ———: BOARD OF FIRE AND POLICE COMMISSIONERS: ORDINANCES. The manner for the adoption of ordinances by the city council of South Omaha, as prescribed by section 8308, Ann. St. 1907, does

not apply to ordinances adopted by the board of fire and police commissioners of that city.

3. ———: ———: ———. In the absence of a statute prescribing a manner for the adoption of ordinances, any reasonable mode which the board adopting them may follow is sufficient.

4. ———: VIOLATION OF ORDINANCES: COMPLAINT. A rule of the board of fire and police commissioners providing that any officer of the city may make complaint of the violation of law by a licensee does not prevent others from making such complaint, although. not expressly given the right to do so.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*McGilton & Gaines,* for appellant.

*S. L. Winters, A. H. Murdock* and *W. C. Lambert,* contra.

EPPERSON, C.

Relator seeks a peremptory writ of mandamus requiring the respondents, who are the members of the South Omaha board of fire and police commissioners, to restore to him a liquor license which that board had issued and later revoked for alleged violations of the statute, the city ordinances, and the rules of the board. The lower court dismissed the complaint, and relator appealed. A complaint had been filed with the board accusing relator of selling liquor on Sunday. A hearing was had, upon notice to relator, who appeared and introduced evidence in his own behalf. The board found him guilty of the charges and revoked his license.

He now claims that the board had no power to hear and determine matters of evidence relating to an alleged violation of the liquor law. The city charter provides that said board "may, by ordinance, license, restrain, regulate, or prohibit the selling or giving away of malt, spirituous, vinous, mixed or fermented intoxicating liquors. * * * Provided, that any license issued by the board of fire and police commissioners * * * shall

be revoked by the board  *  *  *  upon conviction of the licensee of any violation of any law, ordinance, or regulation pertaining to the sale of such liquors, and proceedings of appeal or error taken to review such judgment of conviction shall in nowise affect the revocation of such license." Section 8414, Ann. St. 1907. Under the above proviso the respondents are required to revoke a license upon the conviction of the licensee of the violation of the liquor laws of the state or the ordinances of the city. And such power is complete, although no ordinance for that purpose had been adopted by the fire and police commissioners. But it was not the purpose of the legislature to restrict the power of said board to revoke licenses to cases where the licensee had been convicted in a criminal court. The power given in the first part of the section above quoted to restrain, regulate, or prohibit the sale of intoxicating liquors by ordinance is sufficient to authorize the board to adopt by-laws or rules controlling the traffic, including the right to revoke a license upon the violation of any statute or ordinance of the city pertaining to the traffic, or for a violation of any reasonable rule adopted by the board for the control of the traffic. *Miles v. State,* 53 Neb. 305; *Langan v. Village of Wood River,* 77 Neb. 444. These cases related to the powers given to a city council and board of trustees identical with the power conferred upon the respondents.

But it is argued that the ordinances or by-laws adopted by respondents were irregularily and defectively adopted, in that an aye and nay vote is not shown by the record to have been taken, nor does the record show who were present, nor had the resolution been previously read or offered, nor was it ever published. The record does show that a motion was made to adopt the rules alleged to have been violated, and that the motion carried. The statute does not provide the manner of adopting ordinances by the respondents. Such are not city ordinances within the meaning of section 8308, Ann. St. 1907, prescribing the manner of passing ordinances of the city by the city

council.   There being no statute prescribing the manner
for the adoption of ordinances, any reasonable mode which
the respondents might adopt would be sufficient, and the
so-called rules which the relator is alleged to have vio-
lated are ordinances within the meaning of the statute.
The words "ordinances," "rules," "regulations," and "by-
laws" are synonymous terms.   6 Words and Phrases, 5025.
*State v. Dudgeon, ante,* p. 371.  By such rules the respond-
ents herein provided for the revocation of a license after
notice to the licensee, and upon satisfactory evidence of
his violation thereof.   Their decision cannot be attacked
by mandamus.   And, again, the rules which relator as-
sails are the rules under which his license was granted.
If they are defective, he was not entitled to his license
and therefore has nothing which may be restored to him.
Neither can he complain that he had no notice of such
rules.   His license expressly provided that it may be re-
voked for any violation of the rules of the board, or ordi-
nances of the city, or the provisions of the statute with
respect to the sale of intoxicating liquors.

Further complaint is made that one of the rules is con-
trary to public policy and void, because it provides that
any member of the police department or city official may
file complaint accusing a licensee of a violation of the
rules, and does not expressly provide that a complaint
may be made by any other person.   It is argued that under
this rule no one but a city official or a member of the
police department may file a complaint against a licensee.
There can be no doubt but that a provision that no one but
an officer could complain of a violation of the law by a
licensee would be ineffectual.   In the absence of a rule,
it would seem to be the duty of the board to investigate
any complaint lodged with them, if made by a responsible
person in a position to know the facts.   The rules adopted
should not be construed as exclusively providing that no
one but officers or members of the police department could
complain.   In any event the complaint upon which the

relator was tried was filed by one who was permitted to file the same.

We recommend that the judgment of the lower court be affirmed.

DUFFIE, GOOD and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.