JOSEPH H. MILES ET AL. V. STATE OF NEBRASKA, EX REL. THOMAS MCLANE.

FILED JANUARY 3, 1898. No. 7609.

1. **Intoxicating Liquors:** REVOCATION OF LICENSE. A city council of a city of the second class having less than 5,000 inhabitants, when authorized by ordinance so to do, has the power to entertain a complaint for the revocation of a liquor dealer's license on the ground that he had sold intoxicating liquors to minors and habitual drunkards, and, upon due notice to the licensee of such proposed action, and proof that the complaint was true, to revoke such license, notwithstanding the holder thereof had not been convicted of the violation of the law pertaining to the sale of intoxicating liquors.

2. **Mandamus:** REVIEW OF ORDER REVOKING LICENSE. Mandamus will not lie to review the decision of a city council in revoking a liquor license, where it has not exceeded its jurisdiction, although such order may be clearly erroneous.

24

ERROR from the district court of Richardson county. Tried below before BABCOCK, J.   *Reversed.*

*Edwin Falloon,* for plaintiffs in error.

*Isham Reavis, contra.*

NORVAL, J.

On May 13, 1893, the relator, Thomas McLane, was granted a license by the city of Falls City to sell malt, spirituous, and vinous liquors for the municipal year, which license was revoked and canceled by the mayor and city council on March 24, 1894.   Thereupon he instituted this action for mandamus to compel the respondents to restore said license, alleging in his application as grounds therefor that relator had never been convicted of the violation of any law or ordinance, and therefore the revocation of the license was without authority and void.   The respondents answered the application, alleging the passage, approval, and publication of ordinance No. 64 of the city of Falls City, entitled "An ordinance to regulate the license and sale of malt, spirituous, and vinous liquors," etc., and that said ordinance contained among other provisions the following: "That whenever it shall be brought to the notice of the city council, by affidavit filed with the city clerk, or otherwise, that any person holding a license or permit under the provisions of this ordinance has violated any of the provisions of this ordinance, it shall be the duty of the city to at once proceed and give such person not less than three days', nor more than ten days', notice of the time and place where said matters will be considered by said city council, and if upon such hearing the council shall be satisfied that a violation of this ordinance has been committed by the person so charged, then the council shall revoke, cancel, and annul the license held by such party, and upon such hearing said council may examine

witnesses under oath in said matter, and may consider
such other evidence as may be offered by either party.
Every person licensed as herein provided who shall give
or sell any malt, spirituous, or vinous liquors, or any
intoxicating drinks, to any minors shall, upon conviction
thereof, be fined in any sum not less than $25 nor more
than $100." That in addition to the above provisions
said ordinance prohibited, under fine, any licensed person
from selling to an habitual drunkard, keeping the bar
obstructed from the public view, and allowing his saloon
to remain open after 11 o'clock P. M.; that said city has
ordinances against gambling and houses of prostitution.
The answer further averred that on March 21, 1894, one
W. E. Noonan filed a complaint in writing under oath
with the city clerk of said city, charging, among other
things, substantially that relator knowingly, during the
existence of his license, sold intoxicating liquors to
habitual drunkards and to certain named minors; that
relator procured and permitted prostitutes to remain in
his saloon, on certain specified dates, where evil disposed
persons were permitted to resort to commit adultery and
fornication; that he obstructed the bar from public view;
permitted persons to become grossly intoxicated in his
place of business, and allowed the saloon to remain open
after 11 o'clock at night. It is also alleged in the answer
that on March 21, 1894, notice was personally served on
relator to appear before the city council March 24, 1894,
at 8 o'clock P. M. and show cause why his license should
not be revoked; that at the appointed time he personally
appeared, a hearing was had, and upon a consideration
of the evidence the said city council found the charges
in said complaint of Noonan to be true, and by resolution
unanimously adopted, the ayes and noes being called,
revoked and annulled relator's license. A general de-
murrer to this answer was filed, which the court below
sustained, and awarded a peremptory writ of mandamus
as prayed. Respondents bring the case for review.

By section 25, chapter 50, Compiled Statutes, the power

to license, regulate, and prohibit the traffic in intoxicating liquors in cities of the class to which Falls City belongs is confided in the corporate authorities of all such cities, and in granting licenses they are required to comply with and observe all of the provisions of said act. Section 5 of said chapter declares that "Any license granted under this chapter may be revoked by the authority issuing the same whenever the person licensed shall, upon due proof made, be convicted of a violation of any of the provisions of this act." The contention of relator is that, under the provision just quoted, respondents had the power to revoke his license upon the single ground that relator had violated some provisions of said act, and not then until there had been first a conviction in some court of competent jurisdiction. The legislature has made the conviction of the licensee of any violation of the laws of the state pertaining to the sale of intoxicating liquors a sufficient ground for a revocation of the license, and it is made the imperative duty of the body or board which granted the license to annul the same, when the fact of such conviction is duly certified to it, without giving notice of such proposed action to the licensee. (*Martin v. State*, 23 Neb. 371.) But the above provision of said section 5 does not preclude the proper city or village authorities from revoking a liquor license upon other sufficient grounds. The statutes have empowered cities of the second class having less than 5,000 inhabitants, in their corporate capacities, to enact ordinances licensing, regulating, and prohibiting the sale of any intoxicating liquors. (Compiled Statutes, ch. 14, art. 1, sec. 69.) In pursuance of the power thereby conferred ordinance No. 64 of the city of Falls City was adopted, which provides, in effect, that when an affidavit is filed with the city clerk charging that a licensed liquor dealer has violated any of the provisions of said ordinance, not less than three nor more than ten days' notice shall be given to the licensee of the time and place where the complaint will be investigated, and if the city council upon such hearing

"shall be satisfied that a violation of this ordinance has been committed by the person so charged, then the council shall revoke, cancel, and annul the license held by such party." The provision conferred power upon the city council to revoke a liquor license upon charges preferred, was ample authority for the proceedings taken to cancel relator's license, and justified the revocation of his license without the prior conviction of the licensee.

We do not perceive anything in *Martin v. State, supra,* in conflict with the conclusion already expressed. In that case the license was revoked without a hearing before the council, on the ground that the licensee had been convicted before a police magistrate of selling intoxicating liquors on Sunday in violation of law. There was no necessity for a trial in that case. All the city council had to do was to revoke the license in obedience to the positive requirements of the law. Here there had been no prior conviction of relator of the commission of any offense whatever, so his license could be forfeited only upon a charge duly made and established by the proofs that he had broken some condition or restriction upon which the license was issued. The city council having been given jurisdiction by said ordinance over proceedings to revoke licenses to liquor dealers, and the complaint to the council being sufficient, its decision cannot be reviewed by mandamus. (*State v. Laflin,* 40 Neb. 441; *State v. Cotton,* 33 Neb. 560.)

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.