## UNITED STATES INDUSTRIAL ALCOHOL CO. et al. v. BLAIR, Commissioner of Internal Revenue, et al.

(District Court, E. D. Pennsylvania. July 9, 1925.)

### No. 3385.

1. **Intoxicating liquors ☞106(1)—Liquor permit is revoked, not as punishment for crime, but to enforce conditions under which permit was granted.**

A liquor permit, the rights in respect of which are fixed by National Prohibition Act, tit. 2, §§ 5, 6, 9 (Comp. St. Ann. Supp. 1923, §§ 10138½bb, 10138½c, 10138½dd), which entitles permittee to a review by a court of equity of the action of the Commissioner of Internal Revenue, is not revoked as a punishment for a crime, but to enforce conditions under which permit was granted.

2. **Constitutional law ☞251 — Constitutional guaranty of due process held not guaranty of process of law not resulting in deprivation of life, liberty, and property.**

Constitutional guaranty of due process *held* not guaranty of process of law not resulting in deprivation of life, liberty, and property.

**3. Injunction ⊜⟶141 — Application for temporary order restraining internal revenue officials from assessing and collecting taxes and penalties held premature.**

Application for preliminary injunction to restrain internal revenue officials from assessing and collecting taxes or penalties, under National Prohibition Act, tit. 2, § 35 (Comp. St. Ann. Supp. 1923, § 10138½v), Revenue Act 1918, § 600 (a), being Comp. St. Ann. Supp. 1919, § 5986e, and Revenue Act 1921, § 600 (Comp. St. Ann. Supp. 1923, § 5986e), for an alleged violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), held premature; no assessment having been made, and no proceeding for seizure of property by distraint having been instituted or threatened, but merely notice of proposed assessment and of proposed hearing having been given.

In Equity. Suit for injunctive relief by the United States Industrial Alcohol Company and another against David H. Blair, as Commissioner of Internal Revenue, and others. On motion for temporary restraining order. Motion denied.

Larkin, Rathbone & Perry, of New York City, and Isaac A. Pennypacker and Theodore S. Paul, both of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Atty., and Joseph L. Kun, Asst. U. S. Atty., both of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. The plaintiffs filed a bill to restrain the defendants from the assessment and collection of certain taxes or penalties under section 35 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½v), and under section 600 (a) of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 5986e) and section 600 of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 5986e), amounting in all to $144,977.04. It is averred in the bill that on June 10, 1925, a notice of proposed assessment was served upon the plaintiffs by the defendants, charging them with violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) between July 1, 1921, and March 1, 1922, in the diversion from nonbeverage to beverage use and sales for beverage use of intoxicating liquor, and charging that the liquor was illegally and fraudulently removed on forged, false, fraudulent, counterfeited permits; that the plaintiffs filed a notice of protest against the proposed assessment, were notified that they might have a hearing, and requested a hearing upon the proposed assessment.

The plaintiffs deny the alleged illegal sales or diversion of intoxicating liquor. The bill prays that the defendants be enjoined from holding the proposed hearing or receiving evidence to establish illegal sales or diversion, and from determining that the plaintiffs are guilty of the illegal acts charged, and from imposing upon and enforcing against them the penalties prescribed by the said statutes as taxes, and from attempting to enforce or causing to be enforced against the plaintiffs the seizures and forfeitures provided by the statutes for enforcement of payment of taxes or penalties, and from proceeding with the proposed assessment or interfering with the property or affairs of the plaintiffs.

The contention on the part of the plaintiffs is that, as the taxes and penalties proposed to be assessed are not taxes, but in fact and in law penalties for alleged criminal acts and that the imposition of the penalties provided under section 35 of title 2 of the National Prohibition Act by administrative officials is a denial of the plaintiffs' right to due process of law and trial by jury; therefore, pending an application for a preliminary injunction, the defendants should be restrained from holding a hearing and trying the plaintiffs for the alleged commission of a crime. The relief prayed for in the bill and the temporary relief, which is the subject of the present motion, is conceded by counsel for the plaintiffs to be without precedent. In Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, Regal Drug Co. v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318, Dukich v. Blair (D. C.) 3 F.(2d) 302, and Jasper v. Hellmich (D. C.) 4 F.(2d) 852; the relief prayed for and sustained was by injunction to restrain the collector from proceeding to collect taxes for penalties, after an assessment had been made and the taxpayer had received notice of the intended distraint upon his property. In the case at bar, no tax has been assessed. The plaintiffs have been notified that it is proposed to assess a tax against them, and upon their request, it is proposed by the Commissioner to conduct a hearing and determine whether or not the amounts in question shall be assessed.

While there is an indefinite threat in the notice served upon the plaintiffs that, if there is such assessment, the amount so assessed will be collected as provided in the internal revenue laws, I do not perceive that the plaintiffs are placed in an immediate position of danger of such injury. There are intermediate steps which may or may not be taken before a threat of enforcement of the proposed assessment by distraint will justify

the court in protecting the plaintiffs from such threatened wrongful act. The administrative officers may be convinced upon consideration that the assessment should not be made. If made, it may not be followed by distraint.

It is contended by counsel for the plaintiffs that the determination to assess is threatened, and, if it is, the illegal determination of the violation of a criminal statute by the plaintiffs and the making of a record of such determination by assessment is in itself an irreparable damage, without regard to the collection or attempted collection of the penalties. If the plaintiffs sustain injury, it will be by reason of a seizure of their property by distraint upon an unlawful assessment, which would constitute a deprivation of their property as a punishment without due process at law; i. e., without trial by jury upon a charge of crime. The plaintiffs, therefore, will not be deprived of anything by the assessment, but by the proceedings which may follow the assessment in the seizure of their property, which is not yet pending or threatened.

[1] It is further urged that an assessment of the penalties would constitute prima facie evidence of violation of the National Prohibition Act, and empower the Commissioner, under section 9, title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½dd), to revoke the permits of the plaintiffs. That result would be entirely collateral. The rights of the plaintiffs in respect of their permits are fixed by sections 5, 6, and 9 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½bb, 10138½c, 10138½dd), by which they are entitled to have a review of the Commissioner's actions by a court of equity. The revocation of a permit is the legal consequence of a violation of the law by the permittee, and is not in punishment for the crime, but in enforcement of the conditions under which the permit is granted.

[2] It is contended that the proposed assessment, being violative of the constitutional guaranties of due process of law and trial by jury, is in itself an immediate and irreparable damage, because it is denial of a constitutional right. The constitutional guaranty is against deprivation of life, liberty, and property without due process of law. It is not a guaranty of process of law which does not result in such deprivation.

[3] Upon consideration of the whole case, as presented on the bill and affidavits, I am of the opinion that the plaintiffs' application for injunctive relief is premature. Should

there be threatened immediate injury, irreparable in its nature, the plaintiffs would, no doubt, be entitled to the preventive protection of injunctive relief; but on the face of the record that time has not arrived, and I see no equity in the case to justify the suggested interference with the present proceedings by the administrative officers.

The motion for a temporary restraining order is denied.