### CASERTA v. MILLS, Federal Prohibition Administrator, et al.

District Court, S. D. New York. August 2, 1927.

Lewis Landes, of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (U. S. Grant, Asst. U. S. Atty., of New York City, of counsel), for defendants.

KNOX, District Judge. Plaintiff's motion for relief with respect to the revocation of his denatured alcohol permit must be denied. And this is true, notwithstanding that the permittee, and his agent, Katz, were acquitted by a jury upon an information which charged them, upon the dates specified in the revocation proceedings, with having "unlawfully sold and delivered 270 gallons of specially denatured alcohol to persons unauthorized to purchase the same with the intent and purpose of diverting the said denatured alcohol to beverage purposes." The revocation was made upon the alleged sales which formed the basis of the criminal prosecution, but it was an accomplished fact prior to the prosecution and acquittal of plaintiff and his agent.

Relying upon the opinion of the Supreme Court, in Coffey v. United States, 116 U. S. 436, 6 S. Ct. 432, 29 L. Ed. 681, the counsel for the permittee strenuously contends that, in view of the prosecution and acquittal of Caserta and Katz, this court should, prior to final hearing upon the complaint, immediately reinstate plaintiff's permit, and require the prohibition authorities to honor his application for further withdrawals of denatured alcohol.

In my opinion, the judgment of acquittal is not sufficient, upon the theory of res adjudicata, to affect the Commissioner's action in revoking the permits. Stone v. United States, 167 U. S. 178, 17 S. Ct. 778, 42 L. Ed. 127. Caserta had no vested right

in his permit. He held it only upon the limitations created by the statute; and when the Commissioner, in a proceeding under section 9 of the National Prohibition Act (27 USCA § 21), found upon satisfactory evidence that the permittee in bad faith sold specially denatured alcohol for beverage purposes in violation of the terms and conditions of the permit, the case was one for revocation. The administrative functions of the Commissioner, in the discharge of the duties of his office, cannot be controlled or directed by the consequences of the action of petit juries in criminal prosecutions. He is charged with the responsibility of the continuance of privilege of a particular person in dealing in liquor for nonbeverage purposes, as well as in granting the privilege in the first instance. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046. His judgment, in this respect, must be independent, subject only to the provisions which the statute makes for a review of his actions. In the present case, there was ample evidence to support the revocation, and it must be sustained.

The motion for preliminary relief is denied.