**SANTANGELO v. BLAIR, Commissioner of Internal Revenue et al.**

District Court, E. D. New York. November 7, 1927.

No. E–3051.

Turk & Eilperin, of Brooklyn, N. Y., for plaintiff.

William A. DeGroot, U. S. Atty., of Brooklyn, N. Y., for defendants.

CAMPBELL, District Judge. This is an action in equity to review the order of the Prohibition Administrator and Commissioner of Internal Revenue in revoking and canceling the permit of the plaintiff. The plaintiff was cited for revocation of his permit, upon the following grounds:

"1. On December 9, 1926, you did give or cause to be given to government agents, the sum of $200.00, with intent to influence, or induce them to do an act in violation of their lawful duty, to wit, to submit to the Federal Prohibition Administrator, District No. 2, New York City, New York, a favorable inspection report covering your operations under your permit S. D. A. 20725, all of which constitutes bad faith in the conduct of your operations under said permit."

That $200 was given by the plaintiff to said agents was testified to by the agents and admitted by the plaintiff. The agents testified to the facts and circumstances under which the money was given and from them the only reasonable inference is that it was intended as a bribe.

The plaintiff contends that the agents re-

quested money and that he gave it to them, not as a bribe, but as a Christmas present, first offering them $25 each, and finally, at their request, giving them $100 each. The plaintiff contends that the agents induced him against his will to give them the money, but, although some days elapsed after the transaction before any steps were taken by the prohibition authorities, he made no complaint. The story of the agents, if believed, amply supports the findings, and in my opinion is the more reasonable story.

■ This court is not vested with the administrative function of determining whether or not the permit should be revoked, but its authority is to determine whether, upon the facts and the law, the action of the Commissioner is based upon an error of law, or is wholly unsupported by the evidence, or clearly arbitrary or capricious. Ma-King Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.

■ A review of the administrative record in this case convinces me that the findings are not wholly unsupported by the evidence, and that they are not arbitrary or capricious.

■ The discretionary power of the administrator cannot be controlled or directed by the consequences of the actions of grand or petty juries in criminal prosecutions directed against the permittee. Salvatore Caserta, doing business as Apex Technical Products Co., v. Mills, 28 F. (2d) 637, opinion of Judge Knox, D. C., S. D. of N. Y., August 2, 1927.

Therefore the fact that the grand jury in this district refused to indict the plaintiff is not controlling. There was sufficient evidence to support the revocation, and it must be sustained.

A decree may be entered in favor of the defendants against the plaintiff, dismissing the complaint on the merits, with costs.