WHITMORE *v.* MCCARROLL, COMMISSIONER OF REVENUES.

4-5465                                              128 S. W. 2d 244

Opinion delivered May 8, 1939.

*Linwood L. Brickhouse* and *Wils Davis,* for appellant.

*Lester M. Ponder* and *Frank Pace, Jr.,* for appellee.

HUMPHREYS, J. Appellants were each engaged in the retail liquor business in West Memphis, Arkansas, under retail domestic licenses issued to each in June, 1938, and, in addition, appellant G. G. Whitmore had a permit or license, issued on the same date, to do a retail export business. The licenses or permits were issued to them under acts 108 and 109 of the Acts of 1935 to do a domestic retail liquor business, and a license or permit was also issued to G. G. Whitmore to do a retail export liquor business by Z. M. McCarroll, Commissioner of Revenues of the state. In order to do an export business, the licensee was required to pay a tax of only 60 cents a case on liquor he exported, whereas a much larger tax was imposed on liquor for consumption in the state. Charges were preferred against all the appellants for selling liquor in case lots for consumption in the state on which the export tax only was paid, without paying the higher retail tax. They appeared in response to a citation before the Revenue Commissioner at Little Rock, where the cause was heard upon testimony introduced, from which the Commissioner found that appellants had violated acts 108 and 109 of the Acts of 1935 and act 18 of the Acts of 1938, and their licenses were revoked. Appellants took an appeal to the chancery court of Pulaski county, and obtained a temporary injunction against the Commissioner pending the appeal. On the 8th day of December, 1938, the chancellor heard the case, sustained the finding and action of the commissioner, and dissolved the injunction, and from this decree three of the appellants have duly prosecuted an appeal to this court.

There is ample testimony in the record to show that appellants were selling liquor for consumption in the state by paying only the sixty cents tax on case lots, instead of paying the regular tax required under said acts. The evidence shows that when a purchaser applied for a

case or more of liquor to W. H. Turner or R. E. Stevens at their respective places of business, they would telephone to G. G. Whitmore at his place of business to send over a case or more of liquor, which he would do, and they or each of them would collect for same in their respective stores and later pay same to G. G. Whitmore, and that the case or cases sent over had stamped or written on them "For Export." In other words, by an arrangement between them, they sold liquor to customers upon which the export tax only had been paid for consumption in the state without paying the higher tax. All of them were implicated in the sale whereby the state was deprived of the taxes it should have received.

Appellants contend that act 18 of the Acts of 1938 does not provide that the Revenue Commissioner may cancel the license or permit for violating said statutes.

The following provision is contained in subdivision "D" of § 5 of said act: "And it shall be the duty of the Commissioner of Revenues to revoke the license of any retail liquor dealer within ten days after it shall be known to said Commissioner of Revenues that said liquor dealer has in any way violated the terms of this act or the rules and regulations prescribed under this act."

The following provision also appears in said act 18: "The Commissioner of Revenues shall have the power to make and publish reasonable rules and regulations for the enforcement of the provisions of this act and the collection of the revenues thereunder."

The following provision also appears in said act 18: "Violation by any wholesale or retail dealer or manufacturer of the provisions of act No. 18 of the Special Session of the Fifty-first General Assembly, or the regulations of the Commissioner of Revenues promulgated pursuant thereto, shall be cause for revocation by the Commissioner of such wholesale or retail dealer's or manufacturer's permit."

No contention is made that acts 108 and 109 of the Acts of 1935 do not provide for the cancellation of licenses for violating the acts or regulations made by the Commissioner. The contention is made, however, that

the Commissioner cannot cancel the licenses unless the licensee or licensees has or have been first convicted through prosecution in the courts for violating the statutes.

If this construction were placed upon the acts, a licensee or licensees might, by continuances or appeals in the courts, prevent the cancellation of their licenses during the period for which they were issued. This court said in the case of *Blum* v. *Ford, Commissioner,* 194 Ark. 393, 107 S. W. 2d 340, that "This act charges the Commissioner of Revenues with the enforcement and administration of the act, and if he knows or discovers by investigation that the law is being violated by the persons having a permit, he not only has the authority, but it is his duty to revoke or cancel the permit. . . . Selling beer is a privilege, and not a right, and the state has an absolute right to control it or require the Commissioner of Revenues to administer the act and enforce it, and if necessary to accomplish these purposes, he may cancel or revoke a permit that has been issued. The state has authority at any time to revoke a license to sell liquor because it is a mere privilege and in no sense a contract right. It is a privilege to do what could not be lawfully done without the permit, and the permit or license is a matter, not of right, but, as stated in R. C. L., 'purely of legislative grace,' and may be extended, limited or denied without violating any constitutional right."

No error appearing the decree is affirmed.