Jack C. CROOMS, d/b/a The Silver Spur, Respondent,

v.

Hollis M. KETCHUM, Supervisor, Department of Liquor Control, State of Missouri, Appellant.

No. 50139.

Supreme Court of Missouri,

Division No. 1.

June 8, 1964.

Thomas F. Eagleton, Atty. Gen., Robert R. Northcutt, Asst. Atty. Gen., Jefferson City, for appellant.

C. John Forge, Jr., Curtis K. Cochell, Kansas City, for respondent.

DALTON, Judge.

This is an appeal by Hollis M. Ketchum, Missouri Supervisor of Liquor Control, from the order and judgment of the Circuit Court of Jackson County setting aside, as not supported by competent and substantial evidence on the whole record, a decision of the said Supervisor as entered on March 13, 1963, suspending for 15 days, effective at 12:01 a. m. April 8, 1963, the State Liquor License theretofore issued by the State to Jack C. Crooms, d/b/a The Silver Spur, for a tavern located at 1924 Main Street in Kansas City, Jackson County, Missouri. See Article V, Section 22, Constitution of Missouri 1945, V.A.M.S. and Section 311.700 RSMo 1959, V.A.M.S.

The application to suspend or revoke the State Liquor License of the said Jack C. Crooms was filed on February 21, 1963, with the Department of Liquor Control. The charge indicated in the application was: "That you, Jack C. Crooms, while possessing the aforesaid license, did unlawfully on or about February 9, 1963, or by your employee, sell, vend, give away or otherwise supply intoxicating liquor to Ruth Ann Henderson, who was under the age of 21 years. All in violation of and contrary to Section 311.310 R.S.Missouri, 1959 [V.A.M.S.]." Regulation 15, subsection (a) of the Rules and Regulations adopted in 1960 by the Supervisor of Liquor Control, as hereinafter referred to, was also set out in the application.

Notice was duly given licensee that a hearing would be held on said application at the office of the Supervisor of Liquor Control in the State Office Building in Jefferson City, Missouri, at 10 a. m. on the 13th day of March, 1963. Licensee appeared in person and by counsel and a hearing was held pursuant to the show cause order included in the notice. See Section 311.690 RSMo 1959, V.A.M.S.

The evidence tended to show that a license for one year had been duly issued to Jack C. Crooms on July 1, 1962, to sell liquor in Missouri at retail by the drink at The Silver Spur, 1924 Main Street, Kansas City, Missouri. The evidence further tended to show that the Supervisor had duly adopted Rules and Regulations, as authorized by Section 311.660 RSMo 1959, V.A.M.S., and particularly Regulation 15, subsection (a) to the effect that: "Licensees are at all times responsible for the conduct of their business and are at all times directly responsible for any act or conduct of any employee on the premises which is in violation of the Intoxicating Liquor Laws or the Nonintoxicating Beer Laws or the Regulations of the Supervisor of Liquor Control."

Other evidence tended to show that, on the evening of February 8, 1963, one Donald Horek, a police officer employed by the Kansas City, Missouri, Police Department and connected with the vice-unit, was operating with State Agent George Rose of the Missouri State Department of Liquor Control and Investigator Frank Frey, of the Kansas City Liquor Department. They were engaged in a routine investigation of taverns in Kansas City, Missouri. About 1:05 a. m. February 9, 1963, when they entered The Silver Spur tavern, they observed that Ruth Ann Henderson, a white female, age 18, had a bottle of 5 percent beer and a glass. Witness Horek observed her drinking as he entered the tavern. She was seated at the rear of the premises in the last booth and, when inquiry was made of her as to the date of her birth, she at first presented a birth certificate showing the name of Martha Louise Haley, which gave a birth date of June 1, 1940, but she subsequently stated that she had obtained the Haley certificate by picking it up from a street in Kansas City some six months before; and that she had used this birth certificate in purchasing liquor previously, including three bottles of Schlitz beer, at forty-five cents each, on the evening in question. She further admitted her true identity as Ruth Ann Henderson and gave her age as 18 years. The bottle of Schlitz beer that she was drinking from was then seized by Officer Horek and Miss Henderson was placed under arrest. See Sections 311.320 and 311.325 RSMo 1959, V.A.M.S.

Miss Henderson, as a witness for the Department of Liquor Control at the hearing on March 13, 1963, testified that she resided with her parents at 816 Bennington, Kansas City, Missouri, and that she was employed by the Credit Endorsement Company, a company engaged in the loan business. When this witness was presented, counsel for licensee admitted that this girl was in licensee's establishment on the date in question (February 9, 1963) and that she did have in front of her a bottle of beer. The witness, however, further testified that she had purchased the beer in question at

The Silver Spur tavern from a waitress, who subsequently testified and gave her name as Agnes Marie Carletti. The last bottle of beer purchased by Miss Henderson was the one seized by the agent and this bottle was identified by Miss Henderson at trial as bearing her initials on the top left-hand corner. It was the bottle that contained the beer she had purchased from the mentioned waitress in the tavern on February 9, 1963. Witness Henderson also testified that her birth date was July 25, 1944, and she gave her age as 18 years. She also identified a certified copy of her birth certificate showing her birth date, her correct name and the correct name of her father and mother. She also testified that she had been in the tavern previous to the date in question; that she had presented the Martha Louise Haley birth certificate when buying beer; and that she did not know how many times she had used the Haley birth certificate for identification purposes, since finding it. She admitted that she knew she was committing an offense when presenting a known false birth certificate for the purpose of being able to purchase liquor.

The licensee, Jack C. Crooms, testified on his own behalf that he was the holder of the liquor license in question, which was License No. 2419; that he had observed the waitress check a birth certificate before she permitted Miss Henderson to purchase beer. He said that he had instructed his employees with reference to youths entering his establishment. He further testified that he had attempted to comply with all the State and City regulations with reference to his business; that Agnes Carletti was one of his employees who had been employed about eight months; that she was on duty on February 9, 1963; and that she had made the sale in question to Miss Henderson.

Agnes Marie Carletti also testified on behalf of the defendant, her employer. She stated that she was employed as a waitress in The Silver Spur tavern in Kansas City, Missouri; that she was licensed to act as a waitress in such an establishment and carried an I. D. card from the City License Liquor Control; that Ruth Ann Henderson showed her an "I. D. card" to the effect that she was born in 1940, which would make her 22 years of age, and that thereupon she had sold the liquor in question to Ruth Ann Henderson on February 9, 1963.

Other evidence tended to show that the beer bottle in question was labelled Schlitz Beer; and that a laboratory test, subsequently made, showed that the portion of Schlitz Beer remaining in the bottle at the time it was seized from Miss Henderson was 5 percent beer, in that it contained 4.52 percent of alcohol by volume and 3.60 percent of alcohol by weight, as determined by the chemist for the Liquor Control Department. Witness Rose, who was present when the beer was seized, testified that he had thereafter delivered it to the chemist in Jefferson City.

A certified copy of the birth certificate of Ruth Ann Henderson was also offered and received in evidence showing, as stated, that the date of her birth was July 25, 1944. The birth certificate of Martha Louise Haley was also received in evidence. It showed the date of her birth as June 1, 1940.

On the basis of the evidence hereinbefore reviewed, the Supervisor of Liquor Control found the facts to be that Jack C. Crooms was the holder of a license duly issued to him by the Department of Liquor Control permitting him to sell intoxicating liquor by the drink; and that on or about February 9, 1963, Agnes M. Carletti, an employee of the said Crooms, had sold intoxicating liquor to Ruth Ann Henderson, a person under the age of 21 years.

As conclusions of law, the Supervisor found that Section 311.310 RSMo 1959, V.A.M.S. prohibits a licensee or his employee from selling intoxicating liquor to any person under the age of 21 years; that Regulation 15, subsection (a) of the Rules and Regulations adopted by the Supervisor of Liquor Control made the licensee responsible for the conduct of licensee's business

**584**

and also made the licensee responsible for the acts of his employees on the licensed premises, when such employees acted in violation of the laws governing the sale of intoxicating liquor; that the Supervisor's Rules and Regulations for the Department of Liquor Control had been duly adopted by the supervisor pursuant to authority given him by Section 311.660 RSMo 1959, V.A.M.S. and that the Supervisor of Liquor Control was authorized to revoke or suspend the license of any licensee for failure to obey the Rules and Regulations so adopted by the Supervisor of Liquor Control. He further found that Section 311.680 RSMo 1959, V.A.M.S. further authorizes the Supervisor of Liquor Control to revoke and suspend the license of licensee Crooms should said licensee violate any of the provisions of Chapter 311 RSMo 1959, V.A.M.S.

Thereupon the Supervisor entered the order, as hereinbefore stated, to the effect that the liquor license issued to the said Jack C. Crooms be suspended for 15 days, effective 12:01 a. m. April 8, 1963, and the licensee was duly notified. Thereafter a petition for judicial review of the findings of the Supervisor of Liquor Control was filed in the Circuit Court of Jackson County, pursuant to Section 311.700 RSMo 1959, V.A.M.S., and a hearing was duly had in the circuit court on said petition for judicial review and, on April 5, 1963, the circuit court entered its order finding that the decision in question of the Supervisor of Liquor Control, as hereinbefore set out, was not supported by competent and substantial evidence on the whole record and the decision was set aside. A motion for a rehearing was duly filed on behalf of the Supervisor of Liquor Control, wherein it was contended that the court had substituted its judgment for that of the Supervisor. Thereafter, the Supervisor's motion for rehearing was taken up by the circuit court, heard and overruled and the Supervisor filed his notice of appeal to this Court.

■ This Court has jurisdiction of the appeal because the Supervisor of Liquor Control of the State of Missouri is a party to the action in his official capacity as an officer of the State of Missouri. See Section 311.610 RSMo 1959, V.A.M.S.; Article V, Section 3, Constitution of Missouri 1945; State ex rel. Favazza v. Ketchum, Mo.Sup., 367 S.W.2d 542, 546[1].

Appellant contends that the circuit court erred in holding that the decision of the Supervisor of Liquor Control was not supported by competent and substantial evidence upon the whole record. Appellant points out that the sworn testimony of the witnesses for both the state and the licensee tended to show and support the finding of the Supervisor that the licensee, Jack C. Crooms, by his employee Agnes Marie Carletti, at the time and place in question, sold intoxicating liquor to Ruth Ann Henderson, a minor under the age of 21 years. The age of Miss Henderson was shown by her sworn testimony and by a certified copy of her birth certificate. The sale of the liquor to her was supported by her own testimony and by the testimony of the waitress employed by the licensee, as well as the testimony of the licensee himself, when he testified that he saw his employee, Agnes Marie Carletti, inspect a document presented to her before his said employee sold and delivered the intoxicating liquor in question to Miss Henderson. In addition, the evidence shows that the liquor which was sold was intoxicating liquor as defined by Section 311.020 RSMo 1959 V.A.M.S.

Section 311.700 RSMo 1959, V.A.M.S. provides with reference to review proceedings in the circuit court: "The review shall be conducted by the court without a jury. The reviewing court may affirm the decision of the supervisor or may reverse or modify it *when such decision is not authorized by law* and, in cases in which a hearing is required by law, *when such decision is not supported by competent substantial evidence on the whole record*. The supervisor or

any other party to the proceedings may secure a review of the final judgment of the circuit court by appeal in the manner and form provided by law for appeals from the circuit court in civil cases." (Italics ours.)

In the case of Collins v. Division of Welfare, 364 Mo. 1032, 270 S.W.2d 817, 820[5, 6], this Court stated: "In considering whether there is any substantial evidence of record to support the Director's findings and order, an appellate court *as a matter of law* passes only upon the matters of substance. Questions concerning credibility of witnesses or the weight of the evidence are not before us upon this appeal. 'Substantial evidence' is evidence which, if true, has probative force upon the issues, i. e., evidence favoring facts which are such that reasonable men may differ as to whether it establishes them; it is evidence from which the trier or triers of the fact reasonably could find the issues in harmony therewith; it is evidence of a character sufficiently substantial to warrant the trier of facts in finding from it the facts, to establish which the evidence was introduced." (Italics ours.) And see State v. Gregory, 339 Mo. 133, 96 S.W.2d 47, 52; State ex rel. Favazza v. Ketchum, supra, 367 S.W.2d 542, 547.

In the case of State v. Harris, Mo.Sup., 295 S.W.2d 94, 95, in determining whether certain testimony was substantial, this Court stated that the "testimony discloses that it was not inherently incredible, was not self-destructive, was not completely impeached by contradictory evidence, and was such that reasonable minds might believe it. Consequently, his testimony constituted substantial evidence, and, in determining its sufficiency, we accept that substantial evidence as true, together with all inferences that may reasonably be drawn therefrom." And see Cupples-Hesse Corp. v. State Tax Commission, Mo.Sup., 329 S.W.2d 696, 701 [11, 12], where this Court stated in detail its reasons for holding that certain evidence presented was not substantial. Also see

Koplar v. State Tax Commission, Mo.Sup., 321 S.W.2d 686, 697.

In Burke v. Coleman, 356 Mo. 598, 202 S.W.2d 812, it was held that where, upon all the evidence before him involving the credibility of the witnesses who gave oral testimony, the Supervisor of Liquor Control could reasonably have made an order of revocation of a State Liquor License because the licensee had made sales of liquor on Sunday, the circuit court was *not* authorized to reach the conclusion that the Supervisor's decision was against the weight of evidence and to set it aside.

In the case of State ex rel. Favazza v. Ketchum, Mo.Sup., 367 S.W.2d 542, 546, this Court said: "It is not the province of this court, nor was it the province of the circuit court to determine this case on its merits. That is the function and duty of the Supervisor of Liquor Control. Our duty is to review the case for the purpose of determining whether upon the whole record the findings of fact and suspension of respondent's license is supported by competent and substantial evidence. Wood v. Wagner Elec. Corp., 355 Mo. 670, 197 S.W. 2d 647, 649; Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S.W.2d 55; Lewis v. Lowe & Campbell Athletic Goods Co., Mo.Sup., 247 S.W.2d 800. * * * Neither the circuit court nor the appellate court may substitute its judgment on the evidence for that of the Supervisor of Liquor Control, but said courts are authorized to and may decide whether the Supervisor reasonably could have made the findings reached and the result stated upon a consideration of all the evidence before him."

■ On the record presented to it in this case the circuit court erred in holding that "the decision of the Supervisor of Liquor Control entered on March 21 [sic], 1963, is not supported by competent and substantial evidence on the whole record."

■ Respondent has made no response to the points relied upon by appellant, but

directs our attention to other matters. Respondent first contends that appellant's notice of appeal was not filed with the Clerk of the Circuit Court of Jackson County until twelve days after the hearing and, therefore, that it was not timely filed. In support of this contention respondent cites Supreme Court Rule 82.04, V.A.M.R., which does not support his contention in view of the facts shown by this record. The transcript, approved by both appellant and respondent, shows that the Supervisor's decision was set aside on April 5, 1963, and his motion for a rehearing was filed on April 17, 1963, and was overruled by the court on April 17, 1963 and, on the same day, notice of appeal was filed. It is immaterial that the notice appears to have been dated April 15, 1963. (See Supreme Court Rule 82.05(b).) Further, the notice of appeal filed in this Court shows that it was filed in the Circuit Court of Jackson County on April 17, 1963, and it bears the circuit clerk's file marks as of that date.

In referring to Supreme Court Rule 82.04, appellant disregards the fact that the judgment appealed from was entered April 5, 1963, and that the Supervisor's motion for a rehearing was filed on April 17, 1963, and within the fifteen days granted by Supreme Court Rule 78.02. (And see Section 311.700 RSMo 1959, V.A.M.S.) A timely motion having been filed, the judgment of April 5, 1963, did not become final in this particular case until the motion, thereafter timely filed, was overruled within ninety days. Supreme Court Rules 78.02 and 78.04. Notice of appeal was timely filed in view of the fact it was filed on the same day the after-trial motion was overruled. This Court has jurisdiction of the appeal.

Respondent further contends "that the Supervisor of Liquor Control has no jurisdiction to hear evidence of violations of a penal statute or to find that a violation of a penal statute has occurred, until such time as either a Magistrate Court or a Circuit Court has heard the evidence and ruled thereon." The reference to Section 311.680 RSMo 1959, V.A.M.S. does not support respondent's contention, since this section provides that: "Whenever it shall be shown, or whenever the supervisor of liquor control has knowledge that a dealer licensed here under * * * has violated any of the provisions of this chapter, said supervisor of liquor control shall suspend or revoke the license of said dealer, but the dealer must have ten days' notice of the application to suspend or revoke his license prior to the order of revocation or suspension issuing, with full right to have counsel, to produce witnesses in his behalf in such hearing and to be advised in writing the grounds upon which his license is sought to be revoked or suspended."

It will be noted that this section uses the words "has knowledge that" a licensed dealer "has violated any of the provisions of this chapter," and that in determining the question of violation notice and a hearing are provided for.

Respondent confuses the word "violation" as used in this statute with the term "conviction" used in Section 311.720 RSMo 1959, V.A.M.S. which section, in part, is as follows: "Conviction in any court of any violation of this chapter shall have the effect of automatically revoking the license of the person convicted, and such revocation shall continue operative until said case is finally disposed of, * * *."

If the word "violation" as used in Section 311.680, supra, meant "conviction," as respondent contends that it does, it would have been unnecessary to provide for notice and a hearing under this statute, since notice and a hearing would have preceded any "conviction."

The applicable rule is that if the statute directs the revocation of the license on "conviction" of such an offense, there must first have been a final judgment, conclusively establishing guilt, rendered by a court of competent jurisdiction, and, of course, this would include final disposition on appeal, but, when the cause of revocation

is specified in the statute as a "violation" of the laws, the licensing authorities may act on other evidence than a judgment of final conviction, and the license may be revoked even though the licensee has been acquitted of a criminal charge for the same "violation" as is made the basis of the revocation. See 48 C.J.S. § 175, Intoxicating Liquors p. 285. This rule is supported by many decisions. See: State v. Seebold, 192 Mo. 720, 91 S.W. 491, 492; Whitmore v. McCarroll, 198 Ark. 211, 128 S.W.2d 244, 245; Keller v. Kentucky Alcoholic Beverage Board, 279 Ky. 272, 130 S.W.2d 821; Ebling v. City of Rome, 54 Ga.App. 608, 188 S.E. 727, 728; Caserta v. Mills, D.C. N.Y., 28 F.2d 637; United States Industrial Alcohol Co. v. Blair, D.C.Pa., 6 F.2d 658; Santangelo v. Blair, D.C.N.Y., 28 F.2d 875; Paoli v. Mason, 325 Ill.App. 197, 59 N.E.2d 499, 503[2–7]; Moore v. State Board of Equalization, 76 Cal.App.2d 758, 174 P.2d 323; Michael v. Town of Logan, 247 Iowa 574, 73 N.W.2d 714; Miles v. State ex rel. McLane, 53 Neb. 305, 73 N.W. 678, 679.

■ Respondent in support of his second point also refers to Section 311.020 RSMo 1959, V.A.M.S. which defines intoxicating liquors as those containing in excess of 3.2 percent of alcohol by weight. Apparently this section was cited on the theory that, since there had been no "conviction" there was no final adjudication that the Schlitz beer sold was conclusively shown to be intoxicating liquor. However, in this case the Supervisor could and did make that determination. Respondent also refers to Article I, Section 31, Constitution of Missouri 1945 providing "[t]hat no law shall delegate to any commission, bureau, board or other administrative agency authority to make any rule fixing a fine or imprisonment as punishment for its violation." The provision has no application to the facts in this case.

Respondent further contends "that Regulation 15, subsection (a) of the Rules and Regulations of the Supervisor of Liquor Control for the State of Missouri is not applicable to transfer liability to respondent under Section 311.310 RSMo 1959 [V.A. M.S.]." Said section, in part, provides that: "Any licensee under this chapter, or his employee, who shall sell, vend, give away or otherwise supply any intoxicating liquor in any quantity whatsoever to any person under the age of twenty-one years * * * shall be deemed guilty of a misdemeanor; * * *" (Exceptions provided for medical purposes only.)

Regulation 15, subsection (a) of the Rules and Regulations of the Supervisor of Liquor Control has been set out above and it need not be repeated here; however, its adoption was fully authorized pursuant to the authority granted by Section 311.660 RSMo 1959, V.A.M.S., which, in part, provides that: "The supervisor of liquor control shall have the authority to suspend or revoke for cause all such licenses; and to make the following regulations, without limiting the generality of provisions empowering the supervisor of liquor control as in this chapter set forth as to the following matters, acts and things: * * * (4) Prescribe the terms and conditions of the licenses issued and granted under this law; * * * (6) Establish rules and regulations for the conduct of the business carried on by each specific licensee under the license, and such rules and regulations if not obeyed by every licensee shall be grounds for the revocation or suspension of the license; * * * (10) To make such other rules and regulations as are necessary and feasible for carrying out the provisions of this chapter, as are not inconsistent with this law."

In support of respondent's third point he argues that Regulation 15(a), supra, "has allowed the Supervisor to hold the owner criminally liable for the acts of an employee"; and that "The Supervisor has no power to designate who is and who is not responsible for alleged criminal acts as this has always been the province of the Courts and not of administrators."

Before finally disposing of this point, we shall state the remaining contentions made by the respondent, to wit: "That respondent is presumed to be innocent of any violation of Section 311.310; that no amount of evidence or admissions can overcome this presumption except a jury or a court of competent jurisdiction sitting as a jury"; and that "The only way that the Supervisor can have knowledge of a violation is after a proper court by proper criminal procedure convicts the accused."

The final contention is somewhat to the same effect, to wit: "That the Circuit Court was correct in deciding that respondent was not guilty of violation of Section 311.310, R.S.Mo. 1959 [V.A.M.S.], on the basis of evidence adduced before the Supervisor of Liquor Control." Respondent insists that, "The one element that the Supervisor failed to show and which was absolutely necessary to substantiate his findings was that the respondent has been found guilty by a jury or a court sitting as a jury." In conclusion, the respondent insists that, "The Supervisor failed on two counts to establish the necessary proof as required in that he failed to establish that the respondent was in any way responsible for the sale to the minor and secondly failed to overcome the presumption of innocence which cloaks this respondent. And therefore failed to establish sufficient grounds for the suspension of the license * * *."

■ We find no merit in any of these assignments. The suspension of a liquor license for a violation of applicable statutes or regulations is not imposed as a punishment for a crime, but for the purpose of enforcing the conditions and regulations upon which the permit, license, or privilege was granted. Where a license is properly suspended by the Supervisor for violation of the conditions upon which the license or permit was issued, the suspension is unaffected by whether a criminal charge is filed or prosecuted, or whether the licensee is acquitted or convicted upon the violation upon which the license was suspended or revoked. See authorities, supra.

■ It is apparent from the various contentions made by respondent that counsel proceeds upon a false theory, to wit, that this is a criminal proceeding before the Supervisor rather than an administrative proceeding concerning the enforcement of the Regulations governing a privilege granted under state law. Respondent has entirely overlooked the fact that it has been long established in this state "'that the liquor traffic is not a lawful business, except as authorized by express legislation of the state; that no person has the natural or inherent right to engage therein; that the liquor business does not stand upon the same plane, in the eyes of the law, with other commercial occupations. It is placed under the ban of law, and it is therefore differentiated from all other occupations, and is thereby separated or removed from the natural rights, privileges, and immunities of the citizen.'" Pinzino v. Supervisor of Liquor Control, Mo.Sup., 334 S.W. 2d 20, 27 [6–8]; State v. Wipke, 345 Mo. 283, 133 S.W.2d 354, 359[9, 10]; State v. Parker Distilling Co., 236 Mo. 219, 255, 237 Mo. 103, 139 S.W. 453, 461.

On the record before us on this appeal and the issues presented, the judgment of the trial court is reversed and the cause is remanded with directions to set aside the judgment entered on April 5, 1963, and to affirm the finding and order of the Supervisor of Liquor Control.

All concur except HENLEY, J., not sitting.