James D. **THEODORO**, Respondent,

v.

**DEPARTMENT OF LIQUOR CONTROL,**
State of Missouri, Appellant.

No. 58980.

Supreme Court of Missouri,
En Banc.

Sept. 8, 1975.

**352**

G. William Weier, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for respondent.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for appellant.

SEILER, Chief Justice.

This appeal presents issues concerning the governor's power to pardon respondent from the administrative revocation of his license to sell package liquor. This court has jurisdiction by virtue of Art. V, Sec. 3, Mo.Const.1945, in that the case involves the construction of Art. IV, Sec. 7 of the constitution of this state.

In 1967, the Supervisor of Liquor Control revoked respondent's liquor license based on findings that respondent had sold intoxicating beverages on Sunday and had permitted the sale of intoxicating beverages by a minor. That decision was affirmed in circuit court. Thereafter, in 1972, then Governor Warren E. Hearnes issued on a standard pardon form, a document purporting to "pardon, release, and discharge" respondent from the revocation.[1] Respondent was subsequently issued a new license for the sale of liquor, but upon application for renewal of license, the supervisor advised respondent that the license would not be renewed, the basis for his decision being Sec. 311.-06(1), RSMo 1969, which provides *inter alia* that ". . . no person shall be granted a license or permit hereunder whose license as such dealer has been revoked . . ." The circuit court reversed the decision of the supervisor, who now appeals. We reverse the circuit court and affirm the supervisor's denial of renewal of license.

The pardon power of the governor derives from Art. IV, Sec. 7, Mo.Const.1945, which reads:

"The governor shall have power to grant reprieves, commutations and pardons, after conviction, for all offenses except treason and cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to provisions of law as to the manner of applying for pardons. . ."

The question thus presented is whether or not the governor is constitutionally empowered to "pardon" the administrative revocation of respondent's liquor license. It is readily apparent that the language of the above provision, "after *conviction*, for all *offenses*", speaks directly to criminal prosecutions, and in construing the constitution,

---

1. "STATE OF MISSOURI

[Great Seal of the State of Missouri affixed]

TO ALL WHO SHALL SEE THESE PRESENTS, GREETING:

Know ye, that, by virtue of authority in me vested by law, and for good and sufficient reasons appearing, I, WARREN E. HEARNES, Governor of the State of Missouri, do hereby pardon, release, and discharge James D. Theodoro, Jr. d/b/a One-Stop Package who was on September 13, A.D. Nineteen Hundred and Sixty-Seven, by judgment of the Supervisor of Liquor Control found guilty of violations of the laws and regulations of the State of Missouri and had his liquor license revoked forever for the crimes of sale of intoxicating liquor on Sunday and sale of intoxicating liquor by minor and I do hereby restore to him all the rights of citizenship and entitle the said James D. Theodoro, Jr. to all the rights, privileges and immunities which by law attach to and result from the operation of these presents: In Testimony Whereof, I hereunto set my hand and cause to be affixed the Great Seal of the State of Missouri. Done at the City of Jefferson, this 2nd day of November A.D., Nineteen Hundred and Seventy-Two.

BY THE GOVERNOR: s/ Warren E. Hearnes

s/ James C. Kirkpatrick .

Secretary of State

Deputy Secretary of State"

words are to be taken in accord with their fair intendment and their natural and ordi- nary meaning. *State ex rel. Danforth v. Cason*, 507 S.W.2d 405 (Mo. Banc 1973).

▆ That differences exist between the criminal process and the administrative process is well settled. It has been held, for example, that the revocation of a liquor license is not a criminal prosecution but is in the nature of a civil proceeding, *Crooms v. Ketchum*, 379 S.W.2d 580 (Mo.1964), and as such, many rights ordinarily secured to criminal defendants are not available to licensees involved in revocation proceedings, *State ex rel. Sansone v. Quinn*, 426 S.W.2d 917 (Mo.App.1968). Additionally, the decisions of the Supervisor of Liquor Control will be upheld if supported by competent and substantial evidence, *State ex rel. Favazza v. Ketchum*, 367 S.W.2d 542 (Mo. 1963), and such decisions do not require proof beyond a reasonable doubt, see 2 Am. Jur.2d Administrative Law, Sec. 392.

▆ We have found only one case, *Ex parte Collins*, 94 Mo. 22, 6 S.W. 345, 346 (1887) which defines "after conviction" in the context of Art. IV, Sec. 7, although the definition was not necessary to the decision in that case. It was there stated that " 'after conviction' . . . means after a return of a verdict of guilty." The Supervisor of Liquor Control is not authorized to find any person "guilty" of a violation of the liquor control laws, and in fact, may revoke a license even though the licensee has been acquitted of a criminal charge for the same violation as is made the basis for the revocation, *Crooms v. Ketchum*, supra, 379 S.W.2d 587.

▆ The power to pardon has been traditionally described in the courts of this state as a power to exempt individuals from punishment which the law inflicts for crimes committed. *State ex rel. Oliver v. Hunt*, 247 S.W.2d 969 (Mo. banc 1952); *State v. Jacobson*, 348 Mo. 258, 152 S.W.2d 1061 (1941); *Lime v. Blagg*, 345 Mo. 1, 131 S.W.2d 583 (banc 1939). No other instances have been cited where the governor has attempted to pardon the revocation of a license, and no other constitutional provision or statute has been found which either expressly or impliedly authorizes him to do so. We note, however, that in another context, the pardon power has been strictly construed, being held to apply only to offenses against the state and not to violations of municipal ordinances. *State ex rel. City of Kansas City v. Renick*, 157 Mo. 292, 57 S.W. 713 (banc 1900). We find no indication in the proceedings of the constitutional convention of 1945 (Vol. 7, p. 3983) that the framers of the constitution contemplated or intended that the pardon power of the governor be extended to reach the facts of this case.

In light of the foregoing, and giving the language of the constitution its plain and ordinary meaning, we are unwilling to hold that Art. IV, Sec. 7 empowers the governor to pardon persons whose licenses have been revoked by the Supervisor of Liquor Control. To do so would pave the way for a great expansion of this power into the myriad of administrative decisions which affect thousands of persons throughout the state. Might the governor then be able, for example, to "pardon" a person from the denial of his application for welfare? A constitutional provision should never be construed to work confusion and mischief unless no other reasonable construction is possible. *State ex rel. Moore v. Toberman*, 363 Mo. 245, 250 S.W.2d 701 (banc 1952).

▆ This decision does not reach instances where a licensee has been found guilty and convicted of crimes which have been pardoned by the governor, but such convictions are nonetheless made the basis for revoking or refusing to renew his license. See and compare *Hughes v. State Board of Health*, 348 Mo. 1236, 159 S.W.2d 277 (1942) with *Damiano v. Burge*, 481 S.W.2d 562 (Mo.App.1972) and *Guastello v. Garrett*, (Ct. App. # KCD 26948, decided June 2, 1975). See also the cases collected at 58 A.L.R.3d 1191. Inasmuch as the present case does not involve a criminal conviction but only an

administrative revocation, this problem need not be further pursued here.

■ Respondent argues in the alternative that should the governor's pardon not be effective as such, then the document should be treated as an "order" by the governor directing the supervisor to set aside the revocation. This argument is based on Sec. 311.610, RSMo 1969, which states that the Supervisor of Liquor Control "shall serve at the pleasure and under the supervision and direction of the governor." We find this argument untenable. In the first place, the document signed by the governor was a standard pardon, and was not addressed to a specific person, nor did it direct that any particular action be taken. Secondly, the duties and powers of the Supervisor of Liquor Control are carefully delineated in chapters 311 and 312, RSMo 1969; these powers and duties are directed specifically and solely to the supervisor and not to the governor. It is unlikely that the legislature would erect such elaborate standards and guidelines for the regulation of intoxicating beverages in this state, all of which would then be subject to nullification by the governor.

■ Because the governor's pardon was not effective to remove the revocation of respondent's original license, the decision of the supervisor not to renew the license which was granted on the basis of that pardon was in accordance with Sec. 311.-060(1), RSMo 1969, was correct and should have been affirmed. The decision of the circuit court is therefore reversed and the cause remanded with directions to affirm the order of the supervisor revoking respondent's license.

MORGAN, HOLMAN, HENLEY, FINCH and DONNELLY, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

BARDGETT, Judge (dissenting).

I respectfully dissent. The respondent's liquor license was originally revoked upon a finding by the supervisor of liquor control that he committed the acts of selling liquor on Sunday and permitting a minor to sell intoxicating liquor. These are violations of law and could be the subject of a criminal prosecution. Had respondent been convicted by a court the governor would have the power to pardon those convictions. In my opinion, that pardon would remove those convictions from automatically disqualifying the person from holding a liquor license.

*Damiano v. Burge*, 481 S.W.2d 562 (Mo. App.1972), is a case where the President of the United States pardoned plaintiff from the conviction of an offense against the federal tax laws involving the sale and manufacture of intoxicating liquor. Subsequently he obtained a Missouri liquor employee's permit. In 1969 the director of liquor control of Kansas City, Missouri, refused to issue or renew the permit on the ground that Damiano had been convicted of the violation of a law relating to the sale and manufacture of intoxicating liquor. On review the circuit court held that the pardon reinstated plaintiff's eligibility to obtain an employee's liquor permit. The court of appeals, Kansas City district, affirmed.

The reasoning is fully set forth in the court of appeals opinion and, therefore, it need not be restated or paraphrased here.

I do not believe there is any material or essential difference between a president or a governor pardoning after a criminal conviction and a president or governor pardoning violations the supervisor of liquor control found a licensee to have committed.

For the foregoing reasons and on the basis of *Damiano v. Burge, supra*, I would hold that the Governor of Missouri did have the power to issue the instant pardon and that it reinstated Theodoro's eligibility to be considered for a license to sell package liquor.

Therefore, I dissent from the principal opinion in this case.