E & H ENTERPRISES, INC. d/b/a
Beaver Lodge Health Spa,
Plaintiff–Appellant,

v.

William A. SKAGGS et al.,
Defendants–Respondents.

No. 41896.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 21, 1980.

George E. Schaaf, Coleman, Ross, Carey, Goetz & Schaaf, Inc., Clayton, for plaintiff–appellant.

George W. Lang, II, Associate County Counselor, Thomas W. Wehrle, St. Louis County Counselor, Clayton, for defendants–respondents.

1. All statutory references are to RSMo 1978.

SNYDER, Judge.

This is an appeal from a judgment denying a petition for review filed under § 536.100 et seq., RSMo 1978[1] by plaintiff–appellant E & H Enterprises, Inc., d/b/a Beaver Lodge Health Spa. The Director of the Division of Licenses, Department of Revenue of St. Louis County suspended appellant's massage parlor permit for 30 days after a hearing. Appellant's petition for review by the circuit court was denied.

The trial court's judgment is affirmed.

Appellant contends that: (1) the suspension procedure did not meet the requirements of due process because no reasonable notice was given of the charges to be brought at the hearing; (2) there was no proof that the alleged violators were employed by appellant and their names were not furnished to appellant; and (3) the director should have been estopped from considering three of the seven alleged violations because they occurred prior to the time appellant's permit was granted.

Appellate review of administrative decisions is limited to a determination of whether they are supported by substantial evidence, violate provisions of the constitution or law, or are otherwise arbitrary or an abuse of discretion. § 536.140.2. *Hermel, Inc. v. State Tax Commission*, 564 S.W.2d 888, 894[1] (Mo. banc 1978); *Sowder v. Board of Police Commissioners*, 553 S.W.2d 525, 527[1] (Mo.App.1977).

The applicable section of the St. Louis County Revised Ordinances provides that a massage establishment or outcall massage service permit is subject to suspension for up to 90 days, or revocation, for violation of any provision of the Massage Establishment Code or for any grounds that would warrant the denial of the original application for the permit. The permit holder is entitled to a hearing before the Director of Licenses prior to revocation or suspension. § 626.060, S.L.C.R.O. 1974 as amended. The requirement of a hearing prior to revocation makes this a "contested

case" for the purposes of Chapter 536. This statute enumerates questions which the court may consider including whether the agency finding was predicated "upon unlawful procedure or without a fair trial." § 536.140.2(5).

■ Appellant's first point relied on challenges the sufficiency of the notice received. Missouri courts recognize that a licensee is entitled to receive notice of the reasons for the proposed revocation to enable him to prepare his defense. *Ringwald v. Division of Health*, 537 S.W.2d 552, 556[7] (Mo. banc 1976). *State Board of Registration for the Healing Arts v. Masters*, 512 S.W.2d 150, 163[15, 16] (Mo.App. 1974).

There were two hearings in this case. Notice of the first hearing was given by a letter dated December 12, 1978 from the Director of Licenses to Edgar Gray, president of the Beaver Lodge Health Spa. Appellant's counsel received that letter December 13, 1978. No details of the alleged violations were set forth in the letter. The hearing was originally scheduled for December 27, 1978, but, at the request of appellant's counsel, the date was changed to December 26, 1978. Testimony regarding seven alleged violations was offered and received at the hearing. Four of the violations involved solicitation of sex for money between March 16, 1976 and July 6, 1977. No warrants were issued because St. Louis County was restrained from enforcing its prostitution ordinance pending a decision in *Caesar's Health Club v. St. Louis County*, 565 S.W.2d 783 (Mo.App.1978), cert. denied 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (1978), in which the constitutionality of the ordinance was challenged. The other three were violations of the regulation requiring a masseuse to have a valid health certificate on her person. The officers testified to one such offense on August 17, 1978 and two on June 28, 1978. One of the persons charged pleaded guilty and was fined, and the other two charges were dismissed on payment of costs. Appellant was not given dates or other information regarding the alleged violations prior to the hearing. For this rea-

son counsel for appellant objected repeatedly to the evidence presented at the December 26 proceedings.

In response to these objections a second hearing was scheduled for February 5, 1979 in order for appellant to have an opportunity to cross–examine the witnesses who testified on December 26 and to present additional evidence. Counsel for appellant had access to the pertinent police reports and a transcript of the testimony given at the first hearing. Additionally, all of the witnesses who testified on direct examination at the December hearing were made available for further cross–examination. Although properly notified, neither an officer or employee of appellant nor appellant's counsel appeared at the second hearing.

■ Appellant contends that due process was not provided because the specific details of the incidents were not available to counsel until the time of the hearing. Respondent points out that all of the information which was in fact used by the Director of Licenses came from records which are open to the public for inspection and duplication. The police reports which were received in evidence were part of the records of the director which were public records available to appellant. The first hearing made appellant's counsel aware of every detail of the charges except the names of the alleged offenders which could not be disclosed because of the Sunshine Law. Chapter 610, RSMo. 1978. These were the first hearings to be held under the suspension or revocation provision of the massage parlor ordinance and were perhaps less than perfect from a procedural point of view. However, appellant had ample notice of the second hearing and knew it was for the purpose of considering the suspension or revocation of its license. This was not a criminal prosecution and need not have been conducted as such. *Theodoro v. Department of Liquor Control*, 527 S.W.2d 350, 353[3, 4] (Mo. banc 1975); *Crooms v. Ketchum*, 379 S.W.2d 580, 588[6] (Mo.1964); *Giessow v. Litz*, 558 S.W.2d 742, 749[11–12, 13] (Mo.App.1977). Appellant, after obtaining knowledge of the violations in the first

hearing was given the opportunity to cross-examine all of the witnesses and produce evidence of its own at the second hearing.

The cases cited by appellant which ruled on administrative hearings are not controlling. A discharged teacher sued for reinstatement and back pay in *Valter v. Orchard Farm School District*, 541 S.W.2d 550 (Mo.1976). The teacher's claim that the notice was too general was denied by the Missouri Supreme Court which found compliance with procedural due process. Appellant had access to a comparable amount of information prior to the second hearing. There was an ambiguity as to the date of the hearing in the notice given to a city employee in *Myers v. Moreno*, 564 S.W.2d 83 (Mo.App.1978), an ambiguity not present in the case under review.

■ This court finds appellant was given sufficient notice to comply with the procedural due process requirements for administrative hearings.

■ Appellant, for its second point relied on, argues there was no proof that the alleged offenders were employed by the appellant. The argument is not persuasive. There was substantial evidence to prove that the police testimony was about employees of the Beaver Lodge Health Spa. The employees were on the premises of the establishment. One person identified herself as the night manager. An officer testified that the three girls who were prosecuted for failure to possess a valid health certificate were employees. There was no evidence to the contrary. The suspension or revocation of a license does not depend on the government authority overcoming a presumption of innocence. *Crooms v. Ketchum, supra*. This is not a punitive criminal proceeding but a permit suspension hearing for the purpose of affording appellant an opportunity to bring his establishment into conformity with the ordinance and the health regulations established under it.

■ The cases cited by appellant, *Crooms v. Ketchum, supra, Wiggins v. Coy*, 462 S.W.2d 751 (Mo.1971) and *May Department Stores, Inc. v. Supervisor of Liquor Control*,

530 S.W.2d 460 (Mo.App.1975), dealt with liquor law violations, and in all three cases the appellate courts found the proof of employment sufficient. Although the cases are examples of adequate proof of employment, they do not support reversal here. In the case under review the police officers' testimony and the police reports received in evidence constituted substantial evidence of employment by appellant of the individuals who offered sex for money and who were arrested for failing to have valid health certificates. The direct and circumstantial evidence of employment was uncontradicted by appellant. Appellant's second point is denied.

■ Appellant's third point relied on advances the theory that the director should be estopped from considering four of the incidents because they allegedly took place prior to the time the license was granted. The Missouri Supreme Court rejected this argument in *Friedman v. Division of Health*, 537 S.W.2d 547, 550–551[4][5] (Mo. banc 1976).

■ It is also unnecessary to consider whether due process requires that appellant be given the names of those involved prior to the hearing. Even if the incidents prior to January 10, 1977 are not considered, the director's decision to suspend appellant's license is supported by the substantial evidence of the three most recent violations. *Giessow v. Litz, supra*. Appellant was made aware of all details of these incidents, including the names of those involved, prior to the second hearing.

The judgment denying the petition for review is affirmed.

STEWART, P. J., and WEIER, J., concur.