FILED 58 60
Honorable George W. Lehr State Auditor State Capitol Building Jefferson City, Missouri 65101
Mr. J. Neil Nielsen, Commissioner Office of Administration State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Lehr and Mr. Nielsen:
This official opinion is in answer to your separate requests for the legal opinion of this office on the responsibility of the State Auditor under Article IV, Section 13, Missouri Constitution, with respect to the proposed financial management and control system for the state of Missouri, hereinafter referred to as "SAM."
We are advised that the Commissioner of Administration has commenced a project to design, implement, and operate a financial management and control system. The Office of Administration has completed the design of a financial management and control system for the state and anticipates that the system will be operable on July 1, 1977. We understand that SAM includes a revision of the state's central accounting system and also provides systems for departmental budgeting and systems useful in the financial management of state government. Both the State Auditor and the Commissioner of Administration believe that the design and implementation of SAM have raised questions about the relative responsibilities of the State Auditor and the Commissioner of Administration under Article IV, Section 13, and Section 29.180, RSMo 1969.
Article IV, Section 13, Missouri Constitution 1945, reads as follows:
 "The state auditor shall have the same qualifications as the governor. He shall establish appropriate systems of accounting for all public officials of the state, post-audit the accounts of all state agencies and audit the treasury at least once annually. He shall make all other audits and investigations required by law, and shall make an annual report to the governor and general assembly. He shall establish appropriate systems of accounting for the political subdivisions of the state, supervise their budgeting systems, and audit their accounts as provided by law. No duty shall be imposed on him by law which is not related to the supervising and auditing of the receipt and expenditure of public funds." (Emphasis supplied.)
Section 29.180, RSMo 1969, also authorizes the State Auditor to establish appropriate systems of accounting for state officers and agencies:
 "The state auditor in cooperation with the budget director shall establish appropriate systems of accounting for all officers and agencies of the state, including all educational and eleemosynary institutions, and he shall also prescribe systems of accounting for all county officers. Such systems of accounting shall conform to recognized principles of governmental accounting and shall be uniform in application to offices of the same grade and kind and to accounts of the same kind. Such systems of accounting shall be adequate to record all assets and revenues accrued, all liabilities and expenditures incurred, as well as all cash receipts and disbursements, and all transactions affecting the acquisition and disposition of property, including the preparation and keeping of inventories of all property. Each department shall keep such accounts in accordance with the system of accounts prescribed by the auditor."
In construing the Missouri Constitution, ". . . words are to be taken in accord with their fair intendment and their natural and ordinary meaning. . . ." Theodoro v. Department of LiquorControl, 527 S.W.2d 350, 353 (Mo.Banc 1975). Courts undertake to ascribe to the words used in the Constitution ". . . the meaning which the people understood them to have when the provision was adopted. . . ." State ex inf. Danforth v. Cason, 507 S.W.2d 405,408 (Mo.Banc 1973). When the meaning of the Constitution is plain and unequivocal and its intention clear and unmistakable, the courts are obligated to enforce its full and exact meaning. McGrewv. Missouri Pac. Ry. Co., 132 S.W. 1076, 1088 (Mo.Banc 1910).
The words used in Article IV, Section 13, are clear and unequivocal. The State Auditor ". . . shall establish appropriate systems of accounting for all public officials of the state, . . . ."
The meaning is plain and unequivocal. "Establish" means to set up on a secure or permanent basis. The Oxford English Dictionary (Compact Edition, Oxford University Press, 1971). Therefore, we believe that the people of Missouri in adopting Article IV, Section 13, intended that their State Auditor have the responsibility of designing and requiring the implementation of appropriate systems of accounting for all public officials of the state. We find no constitutional provision granting to any other public official such authority.
In Section 29.180, the General Assembly adopted the language of Article IV, Section 13, but added language providing that the State Auditor ". . . in cooperation with the budget director shall establish appropriate systems of accounting. . . ." Certainly, it would seem advisable that the Commissioner of Administration be consulted by the State Auditor as to the design of the system of accounting which will be utilized by the Commissioner of Administration. See Chapter 33, RSMo 1969, as amended. However, the General Assembly cannot by statute infringe upon the constitutional authority of the State Auditor "to establish appropriate systems of accounting. . . ."
Therefore, that part of SAM which constitutes a revision of the State's existing central accounting system (see State of Missouri, Financial Management and Control System, Request for a Proposal, dated August 22, 1975) would be the responsibility of the State Auditor pursuant to Article IV, Section 13, and Section29.180. Those parts of SAM involving budgeting and financial management would be the responsibility of the Commissioner of Administration.
CONCLUSION
Therefore, it is the conclusion of this office that to the extent that the proposed financial management and control system (SAM) involves the establishing of a system of accounting for public officials of the state of Missouri, the responsibility for designing and requiring the implementation of that accounting system rests solely with the State Auditor pursuant to the provisions of Article IV, Section 13, Missouri Constitution 1945. Those aspects of SAM not fairly included within the term "systems of accounting," as used in Article IV, Section 13, would be the responsibility of the Commissioner of Administration.
The foregoing opinion, which I hereby approve, was prepared by my assistant, D. Brook Bartlett.
Yours very truly
 JOHN C. DANFORTH Attorney General