HOGE, APPELLANT, *v.* LIQUOR CONTROL COMM., APPELLEE.

[Cite as Hoge v. Liquor Control Comm., 18 Ohio App. 2d 255.]

256

*Mr. Paul W. Brown*, attorney general, and *Mr. James E. Rattan*, for appellee.

*Messrs, Bernard & Haffey*, for appellant.

LEACH, J. This is an appeal from a judgment of the Common Pleas Court of Franklin County upholding the suspension of appellant's liquor permit by the Ohio Liquor Control Commission.

Here it was charged that appellant's agent, Janice Johnson, did furnish in and upon the permit premises intoxicating liquor to Ruth Ann Azman, a minor then under 21 years of age, in violation of Section 4301.69, Revised Code. With exceptions not applicable herein, this statute provides that "No person shall sell intoxicating liquor to a person under the age of twenty-one years * * *."

The testimony adduced at the hearing before the Commission conclusively proved the truth of the charge. Actually there was no testimony introduced even attempting to disprove it. The barmaid herself, testifying by way of deposition, did not deny any of the facts testified to by others but, instead, merely stated that she did "have occasion to serve a couple which were subsequently arrested." In essence the principal defense herein was predicated on her testimony that, after having been charged in the Cleveland Municipal Court with a violation of Section 4301.69, Revised Code, she was found not guilty of such charge and the case in that court dismissed.

In the appeal to this court three assignments of error are asserted. The second and third assignments of error will be considered first since, in our opinion, they are totally without merit and require little discussion.

The second assignment of error asserts that the Liquor Control Commission "lacked jurisdiction" in that appellant "did not have fifteen (15) days notice of a hearing before the Liquor Control Commission." The regulation of the Liquor Control Commission, No. LCcl-65, provides that the Director of Liquor Control, in hearings before the Commission wherein the Director cites a permit holder to show cause why his permit should not be revoked, suspended or canceled "shall, at least fifteen (15) days prior to the date of such hearing, send notice of such hearing," etc. While the notice sent herein was *received* less than fifteen days prior to the date set for the hearing, there was no proof in the record indicating that such had not been *sent* in compliance with the requirements of the rule. In any event, at the hearing before the Commission, when the possibility of starting "out afresh and anew by giving you fifteen (15) days notice" was advanced, counsel for the permit holder stated "On behalf of the permit holder I waive the 15 days notice."

The assertions of this same counsel that the 15-day requirement is "jurisdictional" and thus that he cannot waive such requirement are without merit.

Even if there were a failure to comply with the requirements of the rule, such, at best, would only involve the question of jurisdiction over the person, which can be waived. *Fogt* v. *Ohio State Racing Comm.* (1965), 3 Ohio App. 2d 423.

"The requirement of such notice generally is not jurisdictional, and may be waived by the permittee or licensee; and a permittee or licensee who appears in answer to a citation or notice and proceeds with the hearing on its merits without objection cannot afterward be heard to object to the irregularity of the hearing, or to the sufficiency of the citation or notice, or to the form of the charges against him." 48 Corpus Juris Secundum 291.

The third assignment of error is the claim that the commission "lacked jurisdiction in that it failed to inform appellant * * * of the specific charges for which he was brought before the Liquor Control Commission." This assignment of error is overruled. The charge was specifical-

ly stated, and, as noted before, evidence was presented which proved such charge.

Under this assignment of error one of the arguments advanced by counsel for the appellant seems to be that since Section 4301.69, Revised Code, provides for a criminal penalty upon conviction for violation, only in a criminal action can it be determined that there was actually a "violation." This argument is intertwined with the argument advanced under the first assignment of error, and thus will be considered in our later discussion as to the scope of the meaning of the opening paragraph of Section 4301.25, Revised Code.

The first assignment of error asserts that since defendant's agent had been found not guilty in the criminal action, in the Municipal Court of Cleveland, of violating Section 4301.69, such determination was "res judicata" as to such issue and thus "estopped" the Liquor Commission from finding a violation.

Were it not for certain language in the opinion in *Broadway Enterprises* v. *Liquor Control Comm.* (1968), 17 Ohio App. 2d 35, we would conclude that these assertions of counsel for appellant should routinely be rejected. However, in examining and re-examining the opinion in *Broadway*, we conclude that the assertions of counsel for appellant logically would follow from certain statements there contained. For reasons hereinafter set out, we conclude that such statements in *Broadway* were not essential for the decision therein and thus were *dicta*, and in any event do not constitute a proper interpretation of Section 4301.-25, Revised Code.

Section 4301.25, Revised Code, provides:

"The board of liquor control may suspend or revoke any permit issued pursuant to Chapters 4301 and 4303 of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule or regulation of the board or other sufficient cause, and for the following causes:

"(A) For conviction of the holder or his agent or employee for violating a section of Chapters 4301 and 4303 of the Revised Code or for a felony;

"(B) For making any false material statement in an application for a permit;

"(C) For assigning, transferring, or pledging a permit contrary to the rules and regulations of the board;

"(D) For selling or promising to sell beer or intoxicating liquors to a wholesale or retail dealer who is not the holder of a proper permit at the time of the sale or promise;

"(E) For failure of the holder of a permit to pay an excise tax together with any penalties imposed by the law relating thereto and for violation of any rule or regulation of the department of taxation in pursuance thereof."

*Broadway* involved a charge that the agent of the permit holder allowed malt liquor to be *consumed* in and about the permit premises by a minor then and there under 21 years of age, "in violation of Section 4301.25 of the Ohio Revised Code." In that case it was pointed out (page 38) that while Section 4301.69, Revised Code, "makes it illegal to sell or furnish to a minor, that statute does not make it illegal, with or without *scienter*, to allow a minor to consume." Reference was then made to the fact that the consumption statutes are Sections 4301.631 and 4301.632, Revised Code, "both of which apply to the minor alone."

Upon this basis *Broadway* concluded that any act of an agent of the permit holder in permitting the minor to *consume* malt liquor would not constitute a "violation of any of the applicable restrictions of such chapters" within the meaning of Section 4301.25, Revised Code.

The opinion then went on to conclude that no violation of any "lawful rule or regulation of the board" had been shown. Under the provisions of Regulation 52 as interpreted in *Rahal v. Liquor Control Comm.* (1965), 1 Ohio App. 2d 263, the term "permit holder" of such regulation did not "include an agent or employee." But see *Fortner v. Thomas*, No. 8714, decided by this court December 26, 1968, upholding and interpreting the amendment of Regulation 52 which added the words "his agent, or employee."

Then, directing attention to the language "other sufficient cause" and to the enumerated causes under para-

graphs (A) through (E) of Section 4301.25, Revised Code, *Broadway* concluded that none of this language was applicable to a case where an agent of a permit holder permitted a minor to *consume* such beverage.

In essence, therefore, in *Broadway* it was held that none of the language of Section 4301.25, Revised Code, would apply. In other words it was held that there was no proof of (1) any "violation of any of the applicable restrictions of such chapters," nor (2) any violation of "any lawful rule or regulation of the board," nor (3) any violation of "other sufficient cause" nor (4) any violation of any of the "causes" lettered (A) through (E).

With this holding we are in agreement. The opinion, however, goes further and states:

"The opening paragraph of Section 4301.25, Revised Code, refers to causes for suspending or revoking a liquor permit, and implicitly appears limited to acts of the permit holder. The General Assembly then explicitly imposed strict liability upon the permit holder for acts of its agent or employee by specific provision in paragraph (A) of the statute. However, the paragraph contains three limitations: (1) There must be a conviction; (2) it must be of an agent or employee as opposed to a patron or other person; and (3) the conviction must be for violating a liquor statute or for a felony. The Legislature having imposed those limitations in paragraph (A), any ambivalence in the preceding provision of the opening paragraph cannot be interpreted so as to abrogate their effect. Appellee appears to be attempting to escape the statutory limitations of paragraph (A) by interpreting a 'catch-all' phrase so broadly as to render the specific provision meaningless."

The statement that the opening paragraph of Section 4301.25, Revised Code, "implicitly appears limited to acts of the permit holder" apparently was intended to have reference to cases where the permit holder acted personally, or perhaps through managerial personnel, but *not* where such action was done by other agents or employees.

Based upon this language, counsel for appellant, in

oral argument, asserts that no action can ever be taken to revoke or suspend the license of a permit holder, based on acts of an agent or employee, unless there has first been a conviction of such agent or employee under the provisions of paragraph (A) of Section 4301.25, Revised Code. We reject such contention, and to the extent that *Broadway,* and any of its language, might be construed as so holding, it is distinguished and modified. The same is true as to some of the language of *Fortner, supra,* which might also be so construed. Paragraph (A) does not merely refer to convictions of an agent or employee but refers to "conviction of the holder or his agent or employee." To limit the language of the opening paragraph of Section 4301.25, Revised Code, so far as agents and employees be concerned, to cases involving convictions within the purview of paragraph (A) logically would compel the same limitation as to the permit holder himself, since, as noted before, this same paragraph also refers to "conviction of the holder."

In *Broadway,* since Section 4301.69, Revised Code, did not make it illegal to allow a minor to *consume,* no "violation of any of the applicable restrictions of such chapters" was shown. Here the charge was not allowing a minor to *consume,* but instead the charge was *furnishing* intoxicating liquor to such minor. This, as contrasted to consumption, is specifically forbidden by Section 4301.69, and thus the proof of such violation constitutes proof of the violation of an applicable restriction within Chapter 4301, Revised Code.

The fact that the General Assembly has in effect provided a short form method of proof under paragraph (A), which requires proof only of conviction, without any proof of the facts underlying such conviction, does not mean that the Liquor Control Commission is precluded from taking evidence and determining the facts, merely because the charge before the Commission could have been the basis of a criminal charge in court. Nor is the fact that a court found the accused therein not guilty any bar, either by way of estoppel or on any principle of *res judicata,* to a deter-

mination of this issue by the authorized fact finder, the Liquor Control Commission. Section 4301.04 (B), Revised Code.

Even though a statute may permit the revocation or suspension of a license on "conviction" of an offense, the licensing authority may act on other evidence than a judgment of conviction where such licensing authority is authorized to revoke or suspend upon proof of the "violation" of such laws. *Whitmore* v. *McCarroll* (1939), 198 Ark. 211, 128 S. W. 2d 244; *Paoli* v. *Mason* (1945), 325 Ill. App. 197, 59 N. E. 2d 499; *Nechi* v. *Daley* (1963), 40 Ill. App. 2d 326, 188 N. E. 2d 243; *Michael* v. *Town of Logan* (1955), 247 Io. 574, 73 N. W. 2d 714; *Di Traglia* v. *Daneker* (1955), 83 R. I. 227, 115 A. 2d 345; *Hallene* v. *Smith* (1964), 98 R. I. 360, 201 A. 2d 921.

Such action may be taken by the licensing authority even though there has been an acquittal of a criminal charge for the same "violation" as is made the basis of the suspension or revocation. *Caserta* v. *Mills* (1927), 28 F. 2d 637; *Commonwealth* v. *McMenamin* (1936), 122 Pa. Super. 91, 184 A. 679; *Dadiskos* v. *Liquor Control Comm.* (1963), 150 Conn. 422, 190 A. 2d 490; *Balog* v. *Liquor Control Comm.* (1963), 150 Conn. 473, 191 A. 2d 20; *Crooms* v. *Ketchum* (Mo., 1964), 379 S. W. 2d 580; *Jow Sin Quan* v. *Washington State Liquor Control Bd.* (1966), 69 Wash. 2d 373, 418 Pa. 2d 424.

The question whether an act of an agent or employee constitutes the "violation" of either a restriction contained in Chapters 4301 and 4303 or the "violation" of any lawful rule or regulation of the Commission (formerly the board) necessarily must be determined by an examination of the particular statute or particular rule or regulation in question.

In *Broadway* no "violation" was found since the act there in question, permitting consumption, was prohibited only as to acts of the minor, which statutory prohibition had no application to the employee of the permit holder, except possibly on the concept of aider and abettor, which would have required *scienter* which was not shown.

In *Rahal* it was held that the particular regulation under consideration, No. 52, by its terms did not include an agent or employee. Had it included an agent or employee within its terms, a violation of such a regulation would have constituted "the violation of any * * * lawful rule or regulation of the board" within the purview of Section 4301.25, Revised Code.

In *Rahal* the court noted that some of the prohibitions contained in Section 4301.22, Revised Code, were "unqualified bans" (and thus applicable to acts of the agent or employee), while some applied "only to the act of a permit holder."

The language of Section 4301.69, Revised Code, providing that "no person" shall sell such intoxicating liquor to a person under the age of 21 obviously is not restricted in its application to the permit holder.

We cannot and do not conclude that the General Assembly ever intended to impose responsibility upon a permit holder for the acts of his agent or employee *only* through the procedure of conviction. In fact, the argument has been made, but rejected, that the procedure of revocation or suspension upon conviction of an agent would deny the permit holder due process since he would not even be a party to the criminal case. *P & P Taverns, Inc.*, v. *State* (1967), 11 Ohio App. 2d 11.

We conclude, therefore, that proof of a violation by an employee of a permit holder of the provisions of Section 4301.69, Revised Code, by furnishing intoxicating liquor to a person under the age of 21, does constitute a "violation of any of the applicable restrictions" of Chapters 4301 and 4303, Revised Code, within the meaning of Section 4301.25, Revised Code, and that, upon such proof at a hearing before the Liquor Control Commission, the Commission is authorized to suspend the permit of such premises.

*Judgment affirmed.*

TROOP and STRAUSBAUGH, JJ., concur.