In re **AMERICAN SALOONS, INC. dba The Vogue fdba Beauregards, An American Saloon, Debtor.**

**Bankruptcy No. 82–02623.**

United States Bankruptcy Court, N.D. Ohio, W.D.

June 11, 1984.

John F. Kirwan, Sandusky, Ohio, for debtor.

L. Mari Taoka, Toledo, Ohio, Trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Application of the Midwest Bank and Trust Co. for the Trustee to Transfer Liquor License and/or the Proceeds of the Sale. The parties have agreed that the issues addressed by this Application are primarily issues of law which may be decided by the Court based upon the submission of written arguments. The parties have each submitted such arguments and have responded to the arguments proposed by opposing counsel. The Court has reviewed those arguments as well as the Exhibits attached thereto. Based upon that review and for the following reasons, the Court finds that the Application should be DENIED.

## FACTS

The facts in this case do not appear to be in dispute. On or about April 3, 1979, one Robert D. Steele executed a contract for the purchase of a business known as Beauregard's, an American Saloon. The funds used to pay the seller were borrowed from the Applicant who, in return for this loan, was granted a security interest in the business' assets. Specifically, the security agreement stated that the Applicant was to receive an interest in the following property:

"Assignment of furniture, fixtures, machinery, equipment, inventory, contract right's and accounts receivable, now owned, to be acquired and hereafter acquired."

This listing of collateral was repeated identically on the financing statements which were filed in both the Erie County Recorder's Office and the Office of the Secretary of State.

On December 15, 1982, the Debtor filed its voluntary Chapter 11 Petition with this Court. The case was later converted to a case under Chapter 7 on January 6, 1983. Based upon the Applicant's Motion for Abandonment, the Court, on August 26, 1983, entered an Order abandoning from the estate the property which comprised the Applicant's collateral. However, in surrendering the property to the Applicant, the Trustee did not return the Debtor's liquor license. The application presently before the Court seeks to have the Trustee return the license to the Applicant, inasmuch as it believes the license to be collateral covered by the provisions of the security agreement. The Trustee has objected to the Application on the grounds that the description of collateral in the agreement insufficiently describes the license as secured property.

## LAW

In order for the Applicant to prevail in its attempt to have the license returned, it must show that it has a valid security interest in the license and that the security interest is properly perfected. In Ohio, it is unclear how a creditor would perfect a security interest in a liquor license, or whether such an interest may even be taken. *See, Allied Investment Credit Corp. v. Stardust Lounge, Inc.*, 192 N.E.2d 801, 91 O.L.A. 596 (Stark Cty.1963), *but see, Paramount Finance Co. v. United States*, 379 F.2d 543 (6th Cir.1967). However, before a determination need be made as to the perfection of a lienholder's security interest, it must first be determined whether or not the security interest includes the alleged collateral.

Ohio Revised Code § 1309.14 states in pertinent part:

"(A) ... a security interest is not enforceable against the debtor or third parties unless:

(2) the debtor has signed a security agreement which contains a description of the collateral..."

Under this section, a security agreement must contain a description of the property

regarded as collateral in order to be an effective lien on that property. When any such description is unclear or ambiguous, it must be determined whether or not the description sufficiently identifies either the property to be covered or the parties intentions regarding the alleged collateral. When making that determination, the provisions of Ohio Revised Code § 1309.08, which reads:

"For the purposes of sections 1309.01 to 1309.50, inclusive, of the Revised Code, any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

must be given due consideration.

■■■ In the present case, it must be decided whether or not the term "contract rights," as used in the security agreement, reasonably identifies either the liquor license or the intent of the parties to include the license under the coverage of the agreement. It is well established that the issuance of a liquor license does not create any property or contract rights in favor of the party to whom a permit is issued. *State ex rel. Zugravu v. O'Brien*, 130 Ohio St. 23, 196 N.E. 664 (1935), *Scioto Trails Co. v. Ohio Dept. of Liquor Control*, 11 Ohio App.3d 75, 462 N.E.2d 1386 (1983), *P & P Tavern, Inc. v. State*, 11 Ohio App.2d 11, 227 N.E.2d 638 (1967). Such a license is the authorization of the State, pursuant to its police powers, for a private enterprise to enter into the business of selling intoxicating beverages. *State ex rel. Zugravu v. O'Brien*, supra. It does not create any contractual obligations for the State which inure to the benefit of the Debtor. Therefore, a literal interpretation of the term "contract rights" cannot be held to include a liquor license.

In *Paramount Finance Co. v. United States*, supra, the Court indicated that although a liquor license is itself not saleable, it is "property" with unique value. The value arises from the fact that the right to sell intoxicating beverages is transferable, subject to approval by the State of the transferee. The consideration from a contract which includes the willingness on behalf of the seller to submit the license for transfer is property which can be the subject of a security interest. Accordingly, the Court held in that case that the proceeds from the "sale" of the license were covered by the creditor's security agreement. It should be noted, however, that the agreement in that case specifically included as collateral "all rights and/or equities accruing to [the taxpayer] by reason of the issuance of permits to [the taxpayer] by the Ohio Department of Liquor Control."

In the case sub judice, as set forth in the Applicant's security agreement, the term "contract rights" is used conjunctively with the term "accounts receiveable". In that context, it appears as though the parties intended to convey a security interest in those obligations owed to the Debtor that arose as the result of business operations. Inasmuch as the license was obtained prior to the commencement of business, it could not be included in those types of assets. Therefore, the liquor license would not appear to be within the contemplation of the parties as being subject to the security agreement. It also does not appear that the language of the agreement is sufficiently specific so as to include within the scope of the agreement the proceeds from the "sale" of the license.

Based on the foregoing analysis, it must be concluded that the liquor license is not subject to the security agreement. As previously indicated, the license is not, in and of itself, a contract to which a security agreement can attach. The security agreement also does not reasonably identify as collateral any consideration or proceeds that are paid on a contract which includes a transfer of the license. Similarly, the term "contract rights" appears to contemplate obligations payable to the Debtor other than those which result from the sale of the assets specifically named or reasonably identified as within the scope of the agreement. Therefore, in the absence of any further evidence which more closely ties the security agreement to the license, it must be held that the liquor license is not a part of the Applicant's collateral.

In reaching this conclusion the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Trustee's Objection be, and is hereby, SUSTAINED.

It is FURTHER ORDERED that the Application of Midwest Bank & Trust Co. be, and is hereby, DENIED.