
**In re FLORO NURSING HOME, INC., Debtor.**

**L. Mari TAOKA, Trustee, Plaintiff,**

**v.**

**STATE OF OHIO, DEPT. OF HEALTH, Defendant.**

**Bankruptcy No. 85–0273.**

United States Bankruptcy Court, N.D. Ohio, W.D.

May 13, 1986.

L. Mari Taoka, Toledo, Ohio, for plaintiff/trustee.

Stephanie A. Zembar, Columbus, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motions For Summary Judgment filed by both the Plaintiff and the Defendant in the above entitled adversary action. The parties have filed their arguments respecting the merits of the Motions, and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that summary judgment should be granted and that judgment should be entered for the Defendant.

### FACTS

The facts in this case are not in dispute. The Debtor in the underlying bankruptcy proceeding was a corporation engaged in the business of operating a nursing home. Under Ohio law, the operation of such a home requires the operator to have obtained a license from the State of Ohio Department of Health. The license in question in this case was issued on October 6, 1971. However, it appears that the license was issued in the name of the Debtor's Administrator, Sharon Floro, in her individual capacity, and not in the name of the Debtor-corporation. It also appears that the Debtor's business was operated under the auspices of Sharon Floro's license.

The Debtor filed its voluntary Chapter 11 Petition with this Court on February 17, 1982. The case was subsequently converted to a proceeding under Chapter 7 on June 1, 1983. Prior to the conversion of this case, the Department of Health initiated litigation to revoke Sharon Floro's license to operate a nursing home. However, af-

ter the conversion and in an effort to resolve the litigation with the Department of Health, Sharon Floro returned the license to the Department. This was apparently done without the knowledge of the Interim Trustee. Although the Debtor had sought, prior to the conversion, to change the name of the licensee from Sharon Floro to the name of the Debtor, no such change was authorized by the Department of Health.

In an attempt to recover the license for the benefit of the estate, the Trustee has filed the action which is presently before the Court. She asserts that the license is property of the estate, and that it should be returned to the estate so that any saleable value may be used for the benefit of creditors. The Defendant contends that the license is not property of the estate by virtue of the fact that the license was issued to Sharon Floro and not to the corporation.

In support of their Motions For Summary Judgment, the parties have offered certain documents which are utilized by the Department of Health in their licensing procedure. Under Department of Health regulations and the Ohio Revised Code, the holder of a nursing home license is required to file annual renewals of the license and pay a renewal fee. In completing the renewal documentation, the licensee is required to verify the nature of the entity which operates the particular facility.

A review of the documents finds that from the time the license was issued to Sharon Floro in 1971 until the time it was returned to the Department, the license was properly renewed by the Sharon Floro. In the years 1974, 1975, 1976, 1977, 1978, 1979, 1981, and 1982, the documents clearly reflect that the home in question was operated by an individual. These documents were signed by the administrator of the facility, Sharon Floro. However, on the renewal documentation for the year 1983 which was offered by the Defendant, there are two indications with regard to the nature of the operating entity. There is an "X" through the box labeled "individual", and a check mark through the box labeled "corporation". A further review of the documents which were provided to the Plaintiff-Trustee for the year 1983, which were used as the basis for the filing of the Complaint in this case, finds that only the box labeled "corporation" has an "X" through it.

Subsequent to the filing of the Motions For Summary Judgment, the parties discovered the apparent discrepency in the documentation. As a result of this discovery, the parties initiated an investigation so as to be able to determine which documents were accurate. Pursuant to a stipulation between the parties, it appears that the documents which were provided to the Trustee were inaccurate, and that the documents provided by the Defendant should be relied upon during the adjudication of this case.

## LAW

The provisions of 11 U.S.C. Section 541(a) state in pertinent part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

It is well established that the determination as to what rights a debtor has in property must be accomplished under state law. *See for example, Lindsey v. Cryts (In re Cox Cotton Co.)*, 24 B.R. 930 (E.D.Ark. 1982). In Ohio, a license to operate a nursing home may be issued to a person, a partnership, or a corporation. *See*, Ohio Revised Code Section 3721.05. This delineation between the different types of entities which may be issued a license is consistent with fact that such organizations are distinct legal entities. Each is capable of possessing and exercising the right to operate under a nursing home license. The issuance of a license to one such entity does not, in and of itself, authorize an entity which is related to the licensee tc operate a nursing home. In the absence of proper authority to vicariously apply the

privilege which accompanies a nursing home license, the named licensee must be considered to be the entity to whom the privilege belongs. Such "ownership" rights would include the right to surrender the license to the regulating authority.

In the present case, a review of the documents finds that the license in question was issued to Sharon Floro in her individual capacity. The name of the Debtor corporation does not appear on either the license or the renewal documents. Therefore, it would appear that the Debtor has no interest in the license which can be recovered by the Trustee, despite the fact that the debtor may have been operating under the auspices of Sharon Floro's license. Accordingly, it must be concluded that the Plaintiff is not entitled to recover the license.

■ In addition to the foregoing conclusion, it does not appear that a license is the type of "property" which may be recovered under the authority of 11 U.S.C. Section 542(a). Under the provisions of 11 U.S.C. Section 541(a), any rights, whether they be contractual, equitable, or legal, become property of the estate upon the filing of the petition. This would include the rights to operate under a valid license. However, as indicated in *In re American Saloons, Inc.*, 39 B.R. 941 (Bkcy.N.D. Ohio 1984), a license does not create property or contractual rights in favor of the party to whom the license is issued. Rather, a license is the authorization of the governing sovereignty to carry on an activity which may be regulated under the police power. While a right to carry on an activity may be transferable, the monetary value which is often associated with a license only exists to the extent the governing authority permits a transferee to be licensed. Thus, if the governing agency did not approve the transferee, or were to lawfully revoke a license prior to the transfer, the recovery of the license could not be pursued under the auspices of an action to recover property. It would have to be pursued in the manner which is established by the authority which governs the activity in question. Therefore, it must be concluded that this action is not properly asserted under 11 U.S.C. Section 542(a).

■ Finally, even if it were assumed that the action could be brought by the Trustee under 11 U.S.C. Section 542(a), the provisions of that section also provide that the entity in possession of estate property need not turn over the property if it is of "inconsequential value or benefit to the estate". In the present case, it appears that the license in question has been effectively revoked. In the absence of any provisions which allow a licensee to revive a revoked license, a revoked license would not have any value, marketable or otherwise, for the estate. Therefore, it must be concluded that the "inconsequential value" defense is available in this case, and that the Trustee is not entitled to recover the license.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motions For Summary Judgment be, and are hereby, GRANTED.

It is FURTHER ORDERED that Judgment be, and is hereby, entered for the Defendant.