DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendants-appellants, Tracey Jones and Gisela Papaioan, appeal from their convictions in the Akron Municipal Court for the sale of intoxicating liquor without a valid permit. We reverse.
Appellants were bartenders at the Triplett Grille in Akron. Jones had been an employee for more than five years, and Papaioan had worked there for almost two years. On December 24, 1996, Appellants sold some beer to two undercover police officers. The police charged Appellants with selling liquor without a license in violation of R.C. 4301.58(B).
Appellants were not aware that the Triplett Grille, Inc. did not have a valid liquor license in effect at the time they served the police officers. The owner of the establishment, who was the holder of the license, had not informed the employees that the Triplett Grille had been appealing the denial of its liquor license renewal. The case had been winding its way through the court system for several years with appeals and remands in the common pleas court and the court of appeals. The Triplett Grill was granted a stay of its license suspension during these appeals. On December 12, 1996, the Tenth District Court of Appeals issued an opinion which upheld the decision to deny renewal of Triplett Grille's liquor license. See Triplett Grill, Inc. v. Ohio LiquorControl Comm. (Dec. 12, 1996), Franklin App. No. 95APE06-712, unreported.
The two issues before the trial court pertinent to the charges against Appellants were: (1) whether the liquor license of the Triplett Grille was in fact suspended on December 24, 1996; and, (2) whether R.C. 4301.58 should be considered a strict liability offense. The trial court found in the affirmative on both issues and found Appellants guilty of selling intoxicating liquor without a valid permit. This is a first-degree misdemeanor, punishable by up to six months imprisonment and a one thousand dollar fine. Appellants were ordered to pay a fine and court costs. Appellants raise two assignments of errors on appeal.
 ASSIGNMENT OF ERROR I
The trial court errored [sic] when it ruled that Ohio Revised Code 4301.58 is a strict liability offense requiring no mensrea, when an employee of the liquor permit holder, who does not know his employer's license has been suspended, sells liquor.
The owner of the Triplett Grille, who was the holder of the liquor license, was not charged with any violation. Appellants believe that they should not have been charged under the statute because they had no way of knowing that the liquor permit was no longer valid. They argue that the trial court erred when it failed to distinguish between the holder of the permit and an employee of a permit holder. We agree.
R.C. 4301.58(B) states:
 No person, by himself or by his clerk, agent, or employee, who is not the holder of a B, C, D, E, F, G, or I permit issued by the division, in force at the time, and authorizing the sale of beer, intoxicating liquor, or alcohol, * * * shall sell, keep, or possess beer, intoxicating liquor, or alcohol for sale to any persons * * *.[1]
The statute does not specify any degree of culpability, but merely proscribes the act of selling alcoholic beverages without a license. Two other districts that have reviewed the application of this statute under similar factual circumstances have held that R.C. 4301.58(B) is not a strict liability offense and that in order to prove a violation, the state must show a culpable mental state of at least recklessness.[2] See State v. Gross (Aug. 12, 1992), Highland App. Nos. 783 784, unreported, 1992 Ohio App. LEXIS 431; State v. Dillon (Feb. 19, 1985), Greene App. No. 84-CA-38, unreported, 1985 Ohio App. LEXIS 5929.
We disagree with this conclusion and find that the language in the statute plainly indicates a purpose to impose strict criminal liability. However, we find that the language used in R.C. 4301.58(B) makes it evident that only the permit holder, or potential permit holder, is the subject of the statute's prohibitions; not the clerks, agents, or employees of the permit holder. The statute holds the principal strictly liable for his or her own actions in selling alcoholic beverages without a valid permit, and it also holds the principal vicariously liable for the sale of alcoholic beverages which are made by his or her employees, clerks, and agents.
Other statutes which intend to hold all persons strictly liable for an act have used language to unequivocally state that "no person shall" commit the act. For example, R.C. 4301.62
states that "no person shall" have an open container, and R.C.4301.69 states that "no person shall" sell beer or intoxicating liquor to an underage person. In another statute, where the legislature wanted to make it apparent that the prohibitions were applicable to the agents and employees as well as to the principal, the language in the statute specifically states that "[n]o person, or his clerk, agent or employee, shall make [a false statement]." R.C. 4301.59. (Emphasis added.) In contrast, the statute before us states: "No person, by himself or by the person's clerk, agent, or employee, * * *." The Fourth District Court of Appeals has explained the significance of this wording:
 Using the guidelines set forth in R.C. 1.42, we find the phrase "by himself or by his clerk, agent or employee," to be a prepositional phrase modifying the preceding noun "person," not an expanding phrase as the State suggests.
State v. Gross, supra, 1992 Ohio App. LEXIS 4312 at *5.
If the legislature had intended for R.C. 4301.58(B) to be applicable to all people, including the permit holder's employees, the statute could have simply stated "no person shall" sell alcohol without a permit, or "no person, or his clerk, agent or employee, shall" sell alcohol without a permit. This type of wording in the statute, which is the interpretation that the state is advocating, would mean that an employee would always be in violation of the statute because the employee is never the holder of a valid permit. See State v. Gross, 1992 Ohio App. LEXIS 4312 at *6.
This is not a case of vicarious liability where the state is trying to hold a permit holder responsible for the actions of his or her agent. See, e.g., Hoge v Liquor Control Comm. (1969),18 Ohio App.2d 255. Here, the state is trying to hold two employees responsible for the actions of their employer, even though the employees had no knowledge of, or control over, the employer's actions. It would be unfair and unjust to hold the agents and employees strictly liable for the actions of the principal, or permit holder, when the employees have no practical way to ascertain compliance with the law. The state cannot expect every bartender, clerk, or waitperson to call the department of liquor control before starting work each day to verify the status of the employer's liquor permit.[3]
Based upon the foregoing, Appellants' assignment of error is well-taken and is sustained. Our disposition of this assignment of error renders the second assignment of error moot, and it need not be reviewed. See App.R. 12(A)(1)(c). Because we find that the statute is not applicable to Appellants, the decision of the trial court is reversed and the charges against Appellants are dismissed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit, Akron Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _________________________________ LYNN C. SLABY, FOR THE COURT
BAIRD, J.
MILLIGAN, J., CONCUR
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)
[1] Since this violation, the statute has been amended to make it gender neutral. All other language in the statute remains unchanged.
[2] These decisions were based upon R.C. 2901.21, which states:
 (B) When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.
[3] Even daily calling would not necessarily provide the information needed, as the department of liquor control is only directed to certify a list of updated permit issuances and revocations on the first day of each month. See R.C.4301.56.