DECISION
Appellant, Robert C. Vesely, appeals from a judgment of the Franklin County Court of Common Pleas that sustained a decision by appellee, the Ohio Liquor Commission ("commission") revoking his liquor permit. Appellant sets forth the following assignment of error:
 THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW.
For the reasons which follow, we affirm the decision of the trial court.
Appellant is the holder of a D-5, 6 liquor permit for the Nottingham Tavern in Cleveland, Ohio. On April 10, 1999, several officers of the Cleveland Police Department entered the premises and found a violation of R.C. 4301.69(A), which prohibits the sale or furnishing of beer or intoxicating liquor to persons under the age of twenty-one, and a violation of Ohio Adm. Code 4301:1-1-17(L), which requires all alcoholic beverages to be in a potable condition.
On April 13, 1999, members of the Cleveland Police Department again entered the Nottingham Tavern and found a violation of Ohio Adm. Code4301:1-1-44(F) which prohibits more than two signs advertising any individual brand of alcoholic beverages to be displayed in windows.
In October 1999, the commission held a hearing and appellant failed to appear. Two of the officers who investigated the violations were sworn and one officer verified the information contained in his report. Following revocation of his permit, appellant appealed to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. The trial court found reliable, probative and substantial evidence to support the revocation of the permit, and that the decision was in accordance with law. The court further found that, pursuant to Henry's Cafe, Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233, it did not have the authority to modify the penalty imposed by the commission.
In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews the agency's order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with the law. Evidence which is reliable, is evidence which is dependable. In order to be reliable, there must be a reasonable probability that the evidence is true. Probative evidence is evidence which tends to prove the issue in question. Substantial evidence is evidence with some weight. Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571. In performing this review, the common pleas court may consider the credibility of competing witnesses, as well as the weight and probative character of the evidence. Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, paragraph one of the syllabus. To a limited extent, this standard of review permits the common pleas court to substitute its judgment for that of the administrative agency. Nevertheless, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111.
On further appeal to this court, the standard of review is more limited. Unlike the common pleas court, the court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705. In reviewing the common pleas court's determination that the agency's order is or is not supported by reliable, probative and substantial evidence, the appellate court's role is, in part, limited to determining whether the common pleas court abused its discretion. Hartzog v. Ohio State Univ. (1985), 27 Ohio App.3d 214. This deferential standard of review is necessarily limited to issues such as the weight of the evidence and credibility of the witnesses, as to which the common pleas court has some limited discretion to exercise. On questions of law, the common pleas court does not exercise discretion and the court of appeals' review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus.
In his assignment of error, appellant does not argue that the violations did not occur, but, rather, argues the bar was being operated by the prospective purchaser at the time the violations occurred, and that the penalty is too severe.
Detective Robert Glover of the Cleveland Police Department testified that, on April 10, 1999, he investigated a violation of R.C. 4301.69(A), involving the sale of beer to persons who were under the age of twenty-one. Detective Glover identified the report he prepared and stated, if asked further questions, his answers would be the same as those contained in his report. Detective Glover's report stated he observed the bartenders selling beer to three girls who were found to be seventeen, eighteen and nineteen years of age. Detective Glover also confiscated four bottles of liquor that contained insects and/or other matter. Detective Ollie Pillow of the Cleveland Police Department testified that the bar was now closed and it had been "a problem for the police." (Tr. at 9.) There is no indication in Detective Pillow's testimony as to what period of time the bar was a source of trouble.
Although appellant failed to appear at the commission hearing, he argues that he submitted an affidavit and memorandum to the commission stating that he closed the business in March 1998, and was granted closing authority by the Division of Liquor Control, that he entered into a purchase agreement for the business in 1999, and the bar was reopened by the prospective buyer and operated by him. The affidavit and memorandum, however, are not part of the record certified by the commission and the copies attached to appellant's brief do not have a file stamp or a time stamp indicating they were received by the commission. Further, appellant did not attempt to present the affidavit and memorandum to the trial court. The commission's records indicate appellant had two previous violations in 1997, and received a one-day suspension of his permit for both violations.
In Goldman v. State Med. Bd. of Ohio (1996), 110 Ohio App.3d 124, a limited licensed practitioner failed to appear at a hearing before the medical board and his license was revoked. Although the license holder failed to appear, this court found that:
 * * * From a due process standpoint, something more than reliance on the preliminary investigative reports of the agency must be considered by the board before a license may be revoked such as in this case. The procedural safeguards which would make any hearing meaningful may not require a full adversarial and evidentiary proceeding, but some sort of reliable evidentiary review, including the sworn testimony of the investigator, as well as a more considered review of the circumstances of the case, would be needed to fulfill the requirement for a hearing under R.C. 4731.22. [Goldman, at 129.]
In B N Ent., Inc. v. Ohio Liquor Control Comm. (1999),131 Ohio App.3d 394, this court applied the analysis in Goldman to hearings before the commission. In B N Ent., this court determined that the commission's decision was not supported by reliable, probative or substantial evidence and was not in accordance with law when the commission relied on unauthenticated and unsworn reports of investigating officers. This court stated, at 398:
 More is required of the commission than simply providing an opportunity for a hearing. * * * Pursuant to R.C. 4301.04(B), the commission `shall accord a hearing to any person appealing or complained against.' * * * [S]uch a hearing must include more than only an unsworn investigative report of the agent that issued the violation in question. * * *
As required by B N Ent., the commission in this case had before it the sworn testimony of Detective Glover authenticating his report which provided reliable, probative and substantial evidence of violations of R.C. 4301.69(A) and Ohio Adm. Code 4301:1-1-17(C). There was no evidence presented to the commission that met the requirements of B N Ent., to show a violation of Ohio Adm. Code 4301:1-1-44(F), and, to this extent, the commission's order was not supported by the requisite evidence and was not in accordance with law.
R.C. 4301.25(A) authorizes the commission to "suspend or revoke any permit issued pursuant to Chapters 4301. and 4303. of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule of the commission or for other sufficient cause." Thus, the violation need not be committed by the permit holder personally and the commission may revoke a permit upon proof of one violation. Hoge v. Liquor Control Comm. (1969), 18 Ohio App.2d 255; Our Place. Here, there was unrebutted evidence of three under-age sales, albeit all on the same day, as well as a violation relating to the condition of the beverages sold. The only defense to a violation of R.C. 4301.69(A) is set forth in R.C. 4301.639, and appellant did not assert or provide any evidence in support of this affirmative defense. In light of the circumstances of this case, regardless of whether this court would consider revocation of the permit appropriate, we have no authority to modify a penalty the commission was authorized to, and did, impose on the basis that the commission might have abused its discretion. Henry's Cafe.
Therefore, for the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed as modified.
 ___________ BOWMAN, J.
BRYANT, P.J., and BROWN, J., concur.